## JOHN B. THRASHER *v.* JOHN BUCKINGHAM & CO.

1. GARNISHMENT: ATTACHMENT: REPLEVIN: NOTICE FILED WITH CLERK DOES NOT OPERATE AS A CONTINUANCE IN THESE ACTIONS.—Article 150, page 503, of Rev. Code, which provides, "that the defendant may file a written notice with the clerk that he desires a continuance of the cause, and in that case judgment shall not be taken against such defendant for want of a plea," is not applicable to defendants who have been summoned as garnishees. The provision has reference to the pleadings, trial, and proceedings in ordinary suits in the circuit courts. Actions of replevin, and by attachment, are expressly excepted from the operation of this statute.

2. GARNISHMENT: DEBTORS OF DECEDENT: EXECUTORS AND ADMINISTRATORS OF SUCH DEBTORS MAY BE GARNISHEED.—Executors and administrators may be garnisheed for a debt due by their testator or intestate. Rev. Code, page 379, article 24. This remedy is expressly given by the statute, and on principle, assets in the hands of others, which they are bound to pay over to the executor or administrator, may be reached by process of garnishment against the debtors of the testator or intestate.

3. GARNISHMENT: PENDENCY OF SUIT AGAINST GARNISHEE FOR DEBT DUE DEFENDANT, NO DEFENCE TO JUDGMENT AGAINST HIM ON HIS ANSWER.—Where the creditor of the garnishee has brought suit on his claim, and the process of garnishment is afterwards sued out and executed, the pendency of this suit is no bar to the rendition of a judgment against the garnishee for the amount of indebtedness disclosed by his answer.

4. PRINCIPAL AND SURETY: JUDGMENT RENDERED AGAINST PRINCIPAL, IF RESIDENT OF STATE, BEFORE FINAL JUDGMENT AGAINST SURETY.—Where the principal is a resident of the State, judgment must first be rendered against him before final judgment can be rendered against the surety. Rev. Code, 380, article 30.

5. PRINCIPAL AND SURETY: SURETY MUST SHOW PRINCIPAL A RESIDENT OF STATE TO PREVENT FINAL JUDGMENT FROM BEING RENDERED AGAINST HIM.—If, in an action against the surety, he objects to rendition of judgment against him until judgment is rendered against principal, it devolves upon the surety to show that principal is a resident of the State.

ERROR to Circuit Court of Clairborne county. Hon. Hiram Cassidy, judge.

The facts of the case are fully presented in the opinion of the court.

*J. B. Thrasher,* for plaintiff in error.

1. That the cause should have been continued upon filing the written notice required by the statute. Rev. Code, 503.

This court has decided that the process of garnishment is in the nature of a new suit. 13 S. & M. 596.

The process of garnishment as to the garnishee himself is purely an original process. 9 Geo. R. 99, 100.

If the suit had been brought by the defendant against the garnishee, upon the debt of the latter, there is no doubt by filing the notice he would be entitled to the continuance. Then is it possible that the creditor of the defendant in proceeding against the garnishee has a greater right and a more summary remedy?

2. Assets in the hands of an administrator, and as such, in the custody of the law, cannot be garnisheed.

Property in *custodia legis* cannot be attached or garnisheed, is a principle of law universally admitted. Drake on Attachment, sections 81, 81, 251, 492, 496, and authorities there cited.

A garnishee is regarded by law in the light of a trustee, and is bound to protect the rights and interest of the parties whose property is attached in his hands. *Oldham* v. *Ledbetter,* 1 How. 47, 49 ; 4 Greenleaf, 434 ; 1 Wash. C. C. R. 425.

An attachment being a proceeding *in rem,* operates by levy, and is, in law, an assignment of choses in action, and a transfer of chattels and lands to the creditor ; 1 Howard R. 48 ; 13 S. & M. 596.

Garnishee process is an attachment of the goods in the hands of the garnishee. *Burlingame* v. *Bell*, 16 Mass. 323 ; 5 Pick. R. 178.

Hence the conclusion, that goods in the hands of an administrator, being in *custodia legis*, cannot be attached, and consequently cannot be attached in the hands of a debtor to the administrator in his fiduciary character. Drake on Attachments, sections 81, 82, 251, 492, 499 ; *Elliott* v. *Newby*, 2 Hawks, 21 ; *Young* v. *Young*, 2 Hill, (S. C.) 425 ; *Brooks* v. *Cook*, 8 Mass. 246 ; *Waite* v. *Osborne*, 11 Maine R. 185 ; *Marvel* v. *Houston*, 2 Harrington R. 349 ; 5 Ark. R. 55, 188 ; 2 Haywood, (N. C.) R. 334, 354 ; 2 New Hampshire, 374 ; 16 Missouri, 416 ; 10 Missouri, 374 ; 3 Harrington, 267 ; 9 Wend. 469 ; 9 Vermont, 320 ; 7 Penn. State, 482 ; 10 Penn. State R. 231.

It is contended that the statute (Rev. Code, 379) permits executors and administrators to be garnisheed for a debt due from their testator, or intestate. This statute is an exception to the general rule, and demonstrates most clearly that the executor or administrator could not be garnisheed in any other manner, or under any other circumstances, than those pointed out by the statute. Every statute that limits a thing to be done in a particular form, although it be done in the affirmative, includes in itself a negative, viz. that it shall not be done otherwise. 20 Wend. R. 250 ; Plowd Common, 113.

The case at bar does not come within the exception, " executors and administrators may be garnisheed for a debt due by testator, or intestate, to the defendant in attachment." Who is the defendant in attachment ? No attachment has been sued out against any defendant, and there is no " defendant in attachment " in this case. The exception in the statute cannot be applied to the case at bar.

3. The principle is settled, that the pendency of a prior attachment or suit may be pleaded in defence, and applies to this case. Drake on Attachment, section 701 ; 8 Mass. 456 ; 10 Martin, (La.) 609 ; 9 Alabama, 887 ; 2 Brockenburgh, 285.

4. The statute says, " no judgment upon a garnishment shall go against a surety, or accommodation endorser, until judgment shall go against the principal and the preceding endorsers or co-sureties, who may be liable to judgment, if they be residents of the State." Rev. Code, 380.

It is shown by the answer of the garnishee that the principal was at one time a resident of the county and State. The process of garnishment was sued out against him, but returned by the sheriff " not found." Where the existence of a person or personal relation is once established by proof, the law presumes that the person, relations, or state of things, continue to exist as before. 1 Greenleaf on Evidence, section 40.

*J. B. Coleman,* for defendant in error.

The object of the " Imparlance Term Act " was to give a continuance in those cases, which the defendant could have continued by filing a plea presenting an issue of fact, and inasmuch as " actions commenced by attachments could not have been continued by filing such a plea, it necessarily follows that the application of the garnishee for a continuance was properly refused. Rev. Code, 503, article 150.

This was not an " action commenced by attachment." It was a garnishment on a judgment, and the proceedings under it are governed by the provisions of the Rev. Code, 537, article 313.

By article 26, page 380, garnishees are required in all cases to answer within the first three days of the return term; and by article 25, page 379, if the garnishee fail to answer, as by the act directed, final judgment shall be entered against him; and by article 27, page 379, if the garnishee admits a debt not due, execution shall be stayed until its maturity.

2. The garnishee in his answer states that he executed the bond as the surety of another. This ground of objection was not made in the court below. It is too late to make it for the first time in this court. 7 S. and M. 130 ; 9 S. and M. 9.

The fact that the principal is a resident of this State is the condition upon which the surety may prevent the judgment

from being rendered against him until it is taken against the principal. This fact, the residence of the principal in the State, the surety must aver and prove, to obtain the privilege.

3. The proposition that a debt due the estate of a decedent, or to the administrator as such, is in the custody of the law, and therefore not liable to garnishment, is original.

There is no distinction as to status between chattels in the hands of an administrator and debts due him; both are equally assets, and liable to the payment of debts.

If the proposition be true that debts due the estate are in the custody of the law, it must also follow that chattels of the estate are in its custody; and if debts for that reason cannot be subjected by the garnishment of a creditor, the chattels for the same reason cannot be levied upon under the execution of a creditor. That they could be so levied upon will not be questioned. 6 How. 352; 1 How. 207.

The point now before the court was not decided in the case of *Hoover* v. *Chambers*, 27 Miss. R.; and the inference to be drawn from the decision is, that had the judgment of Hoover been against the administrator of Dinkins, the garnishments would have been sustained.

HANDY, C. J., delivered the opinion of the court.

This was a *garnishment* issued on a judgment in favor of the defendants in error against Henry T. Ellett, administrator of Joseph L. Briggs, upon which the plaintiff in error was summoned, as a garnishee, to the April term of the Circuit Court of Claiborne county, 1861. The proceeding was instituted under articles 313 and 314, Rev. Code, 537, and is in conformity to those provisions. The process was issued on suggestion, under oath, that Martin O. Hopkins and John B. Thrasher were indebted to Henry T. Ellet, administrator of Briggs; and it was returned that Thrasher was summoned as garnishee, and that Hopkins was "not found."

At the return term, the plaintiff in error appeared and filed a notification, that he desired a continuance of the cause to the next term; and thereupon he moved for a continuance, which

motion was overruled.    He then moved, the court to quash the process, on the ground that assets in the hands of the administrator were in the custody of the law, and could not be the subject of garnishment ; which motion was overruled.    He then filed his answer, stating, that on the 28th of November, 1859, Hopkins, as principal, and this garnishee, as surety, executed to Ellet, administrator of Briggs, their bond, conditioned for the payment of $1,942.75 in six months from that date, which was given for the purchase-money of a tract of land, sold by said administrator, under an order of the Court of Probate, as of the estate of Briggs, for the payment of the debts of the estate ; that suit had been instituted to that same term of the Circuit Court on this bond, to which this garnishee appeared and pleaded payment in full, and the plaintiff took issue thereon ; and that that case was pending and continued to the next term, and is a bar to the process of garnishment.    He further sets up that the fund secured by said bond is a trust fund in the hands of the administrator, and not subject to garnishment.

At the same term, judgment was rendered on this answer against the garnishee, who thereupon took this writ of error.

The first error assigned is, the refusal of the court to grant the continuance upon the motion of the garnishee.

This motion was made, and it is attempted to be sustained, under the provision of the second clause of article 150, Rev. Code, 503, " that any defendant may file with the clerk, on or before the third day of the return term, a written notice that he desires a continuance of the cause ; and, in that case, judgment shall not be taken against such defendant at the return term for want of a plea, but the plaintiff shall be entitled to judgment, by default, at the next term, as of course."    But it is manifest that this provision is not applicable to the case.

The provision clearly has reference to the pleadings, trial, and proceedings in ordinary and regular suits instituted in the Circuit Courts ; and " actions commenced by attachment and actions of replevin " are expressly excepted from its operation, by article 150, and are required to " be tried at the first term, unless continued by consent or on cause shown."    If it is to be

Thrasher *v.* Buckingham & Co.

considered an attachment, the act itself shows that it was not to be applied to that class of suits.

But the proceeding is denominated, by our statute, a *garnishment*, and its nature, and the mode of procedure on it, are prescribed by articles 313, 314, Rev. Code, 537, 538 ; and, among other things, it is there provided, that, " upon the return of such summons (against the garnishee), the like proceedings may be had as in cases of garnishees in attachment." By reference to the statute regulating 'proceedings in attachments, we see that " garnishees shall in all cases answer within the first three days of the return term, unless the court, for cause shown, shall grant further time" (Rev. Code, 380, article 26) ; and that, " when any garnishee, duly summoned, shall fail to appear and discover, as by this act directed, the court shall enter a judgment against him for the amount of the plaintiff's demand, and all costs," etc. Article 25.

These provisions, and the entire scope of the attachment laws of this State, show that the garnishee was required to answer at the return term of the process ;. and that is made the rule of proceeding in cases of garnishment, by the statute above referred to. Rev. Code, 538, article 313.

This ground of error is, therefore, not tenable.

The second assignment of error is, that the court overruled the motion to quash the garnishment, because the debt attached was in the custody of the law and not subject to garnishment.

In support of this position, it is insisted, that goods and all assets unadministered, in the hands of an administrator, are *in custodia legis* and not subject to attachment, although the estate has not been declared insolvent ; and many authorities are cited to show that property in the hands of an administrator must be held, under all circumstances, as in the custody of the law. But none of the cases cited appear to be apposite to the case before us. If, however, the rule as contended for were well settled as a general principle of law, it is altered by our statute and a contrary rule established. Rev. Code, 379, article 24, provides that " executors and administrators may be garnisheed for a debt due by their testator, or intestate, to the

defendant," etc.; and this removes all doubt as to the general principle.

But it is said that this statute is inapplicable to the present case, because here the administrator has not been garnisheed, but that the process is against a debtor of the administrator. But there is no substantial difference in principle between the two cases.    The statute establishes the rule, that assets in the hands of an administrator are not in the custody of the law, so as not to be subject to the garnishment of a creditor of the estate.    Whether these assets are in his own hands and he is proceeded against by garnishment, or are in the hands of one who is debtor to him as administrator, can make no substantial difference in principle; for, in either case, the assets are in law potentially in his hands, and he is accountable for them in either case.    If the assets are not exempt from garnishment when actually in his hands, what sound reason can these be for their not being liable to garnishment by a creditor of the estate when in the hands of a third person who is bound to pay them to him? For the statute establishes the rule that the administrator may be garnisheed, because the assets of the estate may be subjected to the payment of its debts in that way, and they are equally assets, whether in the hands of the administrator in the shape of money, or money in the hands of others and which they are bound to pay to him.

The process in this case was in the nature of an execution. It was issued on a judgment, and for the purpose of subjecting the property of the estate to the payment of the debt against it, when that property, by reason of its form, could not be levied on by execution, and when there was no visible property of the estate which could be taken by execution.    Its object was to enforce the judgment by execution against assets of the estate in the garnishee's hands, and, in substance, it is not different from an execution issued on a judgment against an administrator and levied on visible property of the estate in his hands.    That is every day's practice under our laws; and it is settled that it may be legally done, where the estate has not been declared insolvent.    *Sanders* v. *Douglass & Hall*, admrs., 3. S. and M. 454.

It does not appear, in this case, that the estate of Briggs had been declared insolvent at the time the garnishee was summoned; and we therefore think that the process was properly issued, and that the motion to quash it was rightly overruled.

The third error assigned is that the court rendered judgment against the garnishee on his answer, when it showed that a suit by the administrator was pending and at issue against him for the debt garnisheed.

It is to be observed, that the answer merely states the facts that the garnishee had filed a plea of payment on which issue was taken in that suit, and that it was then pending. It does not state that the plea was true, or that the debt had been really paid, which of course would have been done if the plea had been true. The answer, under the circumstances, is a clear admission of the debt. And the fact that a suit had been brought upon it by the administrator, did not place it in a condition where it could not be garnisheed by a creditor of the estate; and, when the garnishee did not deny in his answer that he owed the debt, the judgment on it was properly taken.

Lastly, it is insisted that it was error to render judgment against the surety on the bond, before judgment was rendered against the principal. The statute on which this is based, provides that no final judgment shall be rendered against the surety until judgment shall be rendered against the principal, *if the principal be a resident of this State.* Rev. Code, 380, article 30.

But how is it to be made to appear that the principal is a resident of this State? Certainly the court cannot judicially know or presume that he was a resident of the State when this judgment was rendered; and it would appear to be more probable that he was not, since the process in this case was returned "not found" as to him; and it would appear that he was not summoned in the action of the administrator of Briggs against him and Thrasher, since the plea of payment in that case was filed by Thrasher alone. But if he was a resident of the State at the time, it was incumbent on the garnishee to show it. It was his interest to do so, and if such had been the fact, it was the duty of the garnishee to make that a ground of objection to

rendering the judgment against him, and it must have been susceptible of proof, if true.   Yet no objection on that ground appears to have been made in the court below, where, if made, it might have been fully obviated; and it is too late to raise it for the first time in this court.

It is sufficient to say, that it does not appear, by the record, that the principal was a resident of this State at the time; and we cannot hold this judgment to be erroneous upon the unwarranted assumption that he was such resident.

Let the judgment be affirmed.

Ellett, J., did not sit in this case.