### CHARLES D. SHERMAN *vs.* CHARLES H. DAVIS.

Suffolk.   March 11. — April 1, 1884.   DEVENS & COLBURN, JJ., absent.

If a mortgage of personal property is fraudulent and void as to creditors of the mortgagor, a judgment creditor may levy an execution upon the mortgaged property, as if the mortgage did not exist, although the property has not been previously attached.

TORT against a deputy sheriff, for taking and selling, upon an execution against Theodore L. Savage, certain personal property, the plaintiff having at that time a mortgage of said property from Savage.   Trial in the Superior Court before *Pitman, J.,* who allowed a bill of exceptions in substance as follows :

There was evidence tending to contradict the plaintiff's testimony that the mortgage was *bona fide* and for a valuable consideration, and tending to show that the mortgage was fraudulent as against the creditors of Savage, and particularly as against the judgment creditor named in the execution upon which the defendant took and sold the property ; and that the plaintiff took the mortgage with knowledge of such fraudulent intent on the part of Savage, and for the purpose of aiding Savage in fraudulently keeping and saving the property from being taken and sold by the judgment creditor upon the execution.   There was also evidence tending to show that, at the time the mortgage was executed, Savage was insolvent, and that this fact was known to the plaintiff ; and that the mortgage was without any consideration.

The defendant contended that, if the mortgage was fraudulent as against the creditors of Savage, in which fraudulent intent the plaintiff shared, and was made without consideration and when Savage was insolvent, his insolvency being known to the plaintiff at the time, the defendant had a right to take and sell the property on the execution.   But the judge instructed the jury as follows: " If this mortgage was a good mortgage between the parties, then it makes no difference whether it was fraudulent against creditors or not; the defendant had no right to seize the mortgaged property on execution.   The question is, whether the plaintiff had a real, *bona fide* mortgage; did the

parties intend to transfer the property, or was it a mere cover, a paper transaction, designed to carry out certain collateral purposes? The plaintiff is to satisfy you that this was a real transaction; if it was so, if it was an actual transfer between the parties, you need not inquire whether it was fraudulent as to creditors. That issue cannot be tried by seizing mortgaged property on execution."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. E. Swasey,* for the defendant.

*P. H. Hutchinson,* for the plaintiff.

FIELD, J. At common law, mortgaged personal property could not be taken on an execution against the mortgagor, because the legal title was not in him; and it is only by statute that it can now be attached, or taken on execution, and the statutes do not now permit it to be taken on execution, unless it has first been attached in the manner provided by the statutes. *Badlam* v. *Tucker,* 1 Pick. 389. *Brackett* v. *Bullard,* 12 Met. 308. *Lyon* v. *Coburn,* 1 Cush. 278. *Lamb* v. *Johnson,* 10 Cush. 126. *Prout* v. *Root,* 116 Mass. 410. *Porter* v. *Warren,* 119 Mass. 535. But, if the mortgage was fraudulent and void as to creditors, a creditor could levy an execution upon the property, as if the mortgage had no existence. The mortgage might be good, as between the parties, yet voidable by creditors of the mortgagor. *Shurtleff* v. *Willard,* 19 Pick. 202. *Pratt* v. *Wheeler,* 6 Gray, 520. *Angier* v. *Ash,* 6 Foster, 99. *Russell* v. *Dyer,* 33 N. H. 186. *Brown* v. *Snell,* 46 Maine, 490.

*Exceptions sustained.*