HAZEN M. CHASE *vs.* HAZEN V. THOMPSON & another.
MOSES E. EMERSON *vs.* SAME.

Essex.   November 5, 1890. — January 8, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Trustee Process — Distribution — Deposit in Trust Company.*

The interest of a distributee is equitable only in money ordered by the Probate Court to be paid to him, and, upon his refusal to receive it, deposited prematurely by the administrator in a trust company, which in its certificate of deposit

acknowledges the receipt of the money for the distributee, and promises to pay the amount to the judge of probate or his assigns; and the fund so deposited cannot be reached by trustee process as the property of the distributee.

TWO TRUSTEE PROCESSES. The New England Trust Company was summoned as trustee in each case. The cases were tried together in the Superior Court, without a jury, before *Thompson*, J., who discharged the trustee, and reported the cases for the determination of this court. The material facts appear in the opinion.

*B. F. Brickett & C. H. Poor*, for the plaintiffs.

*J. L. Stackpole*, for the trustee.

HOLMES, J. These are actions upon notes made by the defendants and held by the plaintiffs respectively. It is found that the plaintiffs are entitled to recover. The New England Trust Company is summoned as trustee, and the only question presented by the report is whether it can be charged.

The facts are as follows. A decree of distribution made by the Probate Court, on September 27, 1886, ordered an administrator to pay a considerable sum to the defendant Hazen V. Thompson, among others. It also provided, following the language of the Pub. Sts. c. 144, § 16, that, if any of the sums remained for six months unclaimed, the administrator should deposit them in the New England Trust Company, etc., in the name of the judge of probate, to accumulate for the persons entitled thereto. The defendant refused to receive the amount due him, and the administrator, on March 23, 1887, deposited it in the New England Trust Company, taking a certificate from the company acknowledging the receipt of the sum from the judge of probate through the administrator, to accumulate for the defendant, and making itself debtor to the judge by promising to repay the amount with the interest to him or his assigns. In April, 1887, the administrator's account of his deposit was allowed, on his final discharge, against the defendant, and the certificate of deposit was ordered to be filed in court.

The case has been argued only as a case of deposit under the statute referred to. If it is to be taken as such, the fund cannot be reached by trustee process. The language of the last part of § 16 is, "When the person entitled to the money deposited satisfies the judge of his right to receive the same, the judge

shall cause it to be paid over and transferred to him." We need not consider what questions are open when a claimant sets up a right to receive the money. However limited they may be, the statute requires them to be passed upon by the judge of probate. If the personal identity of the claimant as the distributee were the only one while the distributee is alive, still the judge of probate must be satisfied of it as a condition of his right to demand payment, and another court cannot take his place.

It appears, however, from the dates which we have mentioned, that the deposit was made a few days before the six months allowed by the statute and order had run out. If this fact takes the present case out of the statute, as to which we express no opinion, and if we look simply to the contract, the plaintiffs' case is no better. The debt is due to the judge of probate, not to the defendant, and the mention of the defendant in the certificate can only amount to a declaration of trust in his favor by the judge; it cannot make him a party to the contract. Thus the defendant's right is purely equitable, and falls within the general rule that " a merely equitable right is not attachable by the trustee process." *Massachusetts National Bank* v. *Bullock*, 120 Mass. 86. *Field* v. *Crawford*, 6 Gray, 116, 117. *Folsom* v. *Haskell*, 11 Cush. 470. Whether the judge of probate might be held, or not, if he were not a public officer, (Pub. Sts. c. 183, § 34, cl. 3, *Tuck* v. *Manning*, 150 Mass. 211,) *Hancock* v. *Colyer*, 103 Mass. 396, implies that the Trust Company cannot be reached. The case is not like those where the defendant has a right to maintain assumpsit in his own name against the trustee, on the ground that the latter holds money in his hands upon a dry or a terminated trust. *Haskell* v. *Haskell*,.8 Met. 545, 547. *Estabrook* v. *Earle*, 97 Mass. 302.

We treat the contract as made with the judge of probate, because, even if the deposit in his name at first was unauthorized, and was simply an investment of the fund by the administrator, leaving the latter liable to be charged, (*Mechanics' Savings Bank* v. *Waite*, 150 Mass. 234,) we must assume that the judge ratified the contract when he accepted it as a sufficient performance of the administrator's duty, and granted him his discharge.

*Trustee discharged.*