## WILLIAM O'DAY v. TIMOTHY O'DAY.
### H. R. SELL, GARNISHEE.[1]

May 13, 1927.

No. 25,935.

**Creditor of absent heir may garnish money deposited with county treasurer.**
    1. Where a decree of distribution of the probate court has awarded a sum of money to an heir who fails to claim it, his whereabouts being unknown, and the administrator deposits it with the county treasurer pursuant to G. S. 1923, § 8888, a creditor of such heir may impound the same by garnishment.

**District court did not lose jurisdiction by irregularities in proceeding.**
    2. Certain irregularities in the garnishee proceeding did not deprive the court of jurisdiction to enter judgment against the garnishee.

Garnishment, 28 C. J. p. 60 n. 55; p. 68 n. 97; p. 278 n. 40.

[1]Reported in 214 N. W. 26.

The garnishee as county treasurer appealed from a judgment of the district court for Carver county, Tifft, J., entered in favor of plaintiff. Affirmed.

*J. J. Fahey*, County Attorney, and *Odell & Fahey*, for appellant.

*P. W. Morrison*, for respondent.

HOLT, J.

The action was to recover money loaned, the summons and complaint being filed June 5, 1926. The sheriff's return on the summons was that the whereabouts of defendant was unknown and that he could not be found in the state. There was due service by publication. At the time the suit was instituted, an affidavit in garnishment was filed and a garnishee summons issued, directed to and served upon H. R. Sell, as treasurer of Carver county, returnable June 30, 1926, before the clerk of the district court of that county. The proceeding appears regular, except notice to the defendant of the service of the garnishee summons is wanting, as is also an affidavit of nonresidence of defendant, as prescribed by G. S. 1923, § 9362. Without objection the garnishee appeared at the appointed time and disclosed that he was the treasurer of Carver county, that as such he received from the administrator of the estate of Patrick O'Day, deceased, the sum of $1,180.73, the inheritance of defendant Timothy O'Day from his father, said Patrick O'Day, which had been placed to the credit of said Timothy O'Day and was still so held by the garnishee. After the entry of judgment in the main action for $188.65, plaintiff gave notice of motion for judgment against the garnishee, at the hearing of which the county attorney appeared in opposition. The motion was granted and from the judgment entered the garnishee appeals.

On the hearing of the motion the garnishee presented his affidavit to the effect that the money was paid him as county treasurer pursuant to G. S. 1923, § 8888. And we assume such to be the case, since we know of no statute other than that under which a county treasurer may receive money belonging to an individual to be kept for such individual. We may also assume that the probate court

directed the administrator to so deposit it, and that the latter has procured his discharge.

It is asserted that the court had not jurisdiction to take the disclosure for lack of the affidavit prescribed by G. S. 1923, § 9362. The garnishee proceeding is ancillary to the main action. The disclosure was before the clerk of court, with whom in the main action was filed the return of the sheriff that defendant could not be found and the affidavit for publication of summons that he was not a resident of the state. The failure to present the affidavit of nonresidence to the officer taking the disclosure was an irregularity not going to the jurisdiction over defendant in respect of the property reached by the garnishment—the res impounded. Wipperman Merc. Co. v. Jacobson, 133 Minn. 326, 158 N. W. 606.

It is contended that the district court had not jurisdiction to make any order touching this fund; that its control was within the exclusive jurisdiction of the probate court. Reliance is placed on Chase v. Thompson, 153 Mass. 14, 26 N. E. 137. There the statute seems to be that when a decree of distribution is made and a distributive share remains unclaimed for six months, the administrator is required to deposit it with some trust company or bank in the name of the judge of probate to accumulate for the person entitled thereto. The certificate of deposit therefor, issued by the depository, is filed with the court, and when a claimant appears he must satisfy the judge of probate of his right to receive the same and then the judge shall cause it to be paid over and transferred to him. It was held the depository could not be garnisheed, since another court could not take the place of the judge of probate.

We are inclined to the view that under our statute the probate court does not have or retain jurisdiction over the fund deposited with the county treasurer. It is merely an administrative measure, wherein the probate judge is given the duty of identifying the claimant of the fund. It has no jurisdiction to determine the rights of creditors of the owner of the money deposited who assert claims against it. The jurisdiction of the probate court in this state is well defined and limited. O'Brien v. Lien, 160 Minn. 276, 199 N. W. 914. Section 8889, G. S. 1923, provides that money deposited with

the county treasurer pursuant to the preceding section "shall be credited to the county revenue fund; but upon application made to the probate court within twenty-one years after such deposit, and upon personal notice to the county attorney and county treasurer, it may direct the county auditor to issue to the person entitled thereto his warrant for the amount thereof." The money thus deposited in the county revenue fund to the credit of an heir or legatee is the absolute property of such heir or legatee, and the probate court has no further control or jurisdiction over it. It is not in the hands of that court. Clearly the law did not intend to vest ownership in the county. Nor do we think it could be done. Until the owner dies or is put under guardianship, no probate court can claim jurisdiction over the money so deposited to his credit. Nor would the probate court have jurisdiction to allow or order paid the claim of creditors of the owner of the money so deposited with the county treasurer. Hence, the deposit remaining the property of the person to whom the probate court decreed it, there is no reason why a creditor of such person should not be able to reach it by garnishment or process in a court of general jurisdiction. The money was subject to garnishment in the hands of the administrator, and no good reason appears why it should not be subject thereto in the hands of the present custodian. Section 843, G. S. 1923, requires the county treasurer "to receive all moneys directed by law to be paid to him as such treasurer, and pay them out only on the order of the proper authority." We think, as to such moneys not belonging to the county or state but to a private individual, the district court, obtaining jurisdiction by impounding the fund, will by its judgment have proper authority to order it paid out by the treasurer.

The last contention is that the county treasurer is not subject to garnishment—that the garnishment should have run against the county. The county treasurer is the one to whom this money was paid. He is the legal custodian of the funds coming into the treasury of the county. At most, the point that the wrong party was garnisheed is more technical than substantial. The county attorney

appeared at the hearing of the motion for judgment, but the record fails to show that any objection was raised upon the ground now mentioned.

The judgment is affirmed.

QUINN, J. (dissenting).

I dissent. While the money so deposited remained the property of the heir or legatee, yet under the statute such heir or legatee cannot obtain possession of the same without applying to the probate court in the manner prescribed in the statute. A creditor has not more power than has the owner of the fund. The money was deposited under the provisions of the statute and subject to the order of the probate court.