EDWIN GEORGE FULTON AND ANOTHER v. DAY OKES
AND OTHERS.
MARGARET ELLEN HANLON AND ANOTHER, APPEL-
LANTS; FIRST NATIONAL BANK OF ST. PAUL
AND ANOTHER, GARNISHEES.[1]

October 11, 1935.

No. 30,576.

[1]Reported in 262 N. W. 570.

248

*Keller & Chapin* and *Doherty, Rumble & Butler,* for appellants.
*Kellogg, Morgan, Chase, Carter & Headley, John K. Fesler,* and
*David W. Raudenbush,* for plaintiffs-respondents.

I. M. OLSEN, JUSTICE.

The appeal is by the defendants Margaret Ellen Hanlon and
James W. Hanlon, as representatives of the estate of Edward J.
Hanlon, deceased, from an order denying their motion to discharge
the garnishees and dismiss the garnishment proceeding in the action
on the ground that the district court was without jurisdiction in
the matter. The other defendants in the action are Day Okes and
Sidney R. Okes, as surviving partners of the firm of Hanlon & Okes.
The partnership consisted of Edward J. Hanlon, Day Okes, and
Sidney R. Okes, and was dissolved by the death of Edward J.
Hanlon on March 11, 1934. His estate is being probated, and the
appellants are the executrix and the administrator with the will
annexed of the estate. The affidavits of garnishment charge that
the garnishees, the First National Bank of St. Paul and the Mid-
land National Bank & Trust Company of Minneapolis, each has

property and money in its hands and under its control belonging to each of the defendants and is indebted to each of the defendants, and that the value of the property and money so held and the amount of such indebtedness in each instance exceeds the sum of $25.

1. The action is for recovery of money on contract and for damages for breach of such contract, which was entered into on February 21, 1934. The contract is one whereby the plaintiffs agreed to furnish certain materials and construct for Hanlon & Okes a cofferdam on the Mississippi River. It was partly performed by plaintiffs during the lifetime of Hanlon and was thereafter completed by them. This cofferdam was part of what was designated as Lock No. 10 on the river, for the construction of which lock the firm of Hanlon & Okes had a contract with the federal government. Under the subcontract with plaintiffs, Hanlon & Okes agreed to do a number of things to facilitate the construction of said cofferdam and provide working conditions therefor.

There is a motion by plaintiffs to dismiss the appeal on the ground that the order appealed from is not appealable. The clear statement in Krafve v. Roy & Roy, 98 Minn. 141, 143, 107 N. W. 966, 967, 116 A. S. R. 346, determines the motion here made and sustains the appeal. It is there said:

"It is clear that an order refusing to discharge a garnishee in an action in which the court has jurisdiction of the parties is not appealable. It is equivalent to an order for judgment against him, and the appeal must be taken from the judgment. Croft v. Miller, 26 Minn. 317, 4 N. W. 45; Pillsbury v. Foley, 61 Minn. 434, 63 N. W. 1027. But here the defendant, by his motion to discharge the garnishee and to dismiss the action, challenges the jurisdiction of the court to proceed further in the action, and the order is appealable. Plano Mfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124. The appeal in McKinney v. Mills, *supra,* was from a similar order."

Plaintiffs contend that where the court has jurisdiction over the parties personally an order refusing to discharge the garnishee and dismiss the garnishment is not appealable and, inferentially, that

jurisdiction over the subject matter of the action or property garnished is not important. They rely upon Duxbury v. Shanahan, 84 Minn. 353, 87 N. W. 944. The appeal there was from an order refusing to discharge the garnishee. But, on appeal here, both parties insisted that the order was appealable and sought here only the construction of the will there involved. The court in its opinion was strongly of the impression that the order was not appealable, but did not decide that question, and, in its syllabus, said: "Whether such order is appealable is questioned, and left undetermined." The question of jurisdiction is not mentioned in the opinion, but the facts in the case were such that jurisdiction of the subject matter, the property sought to be reached by the garnishment, could well have been raised and decided.

2. Two essential elements necessary to authorize a court to proceed in a civil action such as this are jurisdiction over the parties and over the subject matter of the suit. Without jurisdiction over the persons of the defendants and over the property sought to be garnished, the court would have no authority to sustain the garnishment proceeding as to them. This court, in Sache v. Wallace, 101 Minn. 169, 175, 112 N. W. 386, 388, 11 L.R.A.(N.S.) 803, 118 A. S. R. 612, 11 Ann. Cas. 348, approved the general principle laid down in Black on Judgments, "that, in addition to jurisdiction of the parties and subject matter of the action, it is necessary to the validity of a judgment that the court should have had jurisdiction of the precise question which the judgment assumes to decide, or the particular remedy or relief which it assumes to grant." Granting relief beyond the issues presented by the complaint was there held a jurisdictional defect and the judgment, to that extent, held void. In that case defendant had not answered. In the present case appellants appeared specially and moved to dismiss the garnishment proceeding. They are in the same position as a defendant who has not answered, as far as the garnishment proceeding is concerned. By the appeal here they challenge the jurisdiction over the property sought to be impounded by the garnishment, as to them. That presents a jurisdictional question, and the motion to dismiss the appeal is denied.

3. Coming then to the merits of the appeal, the inquiry is whether the appellants have shown, or can on this record show, lack of jurisdiction over the subject matter of the garnishment, the property garnished. We start out with the well established principle that the jurisdiction of the district court over the parties and subject matter in a case entertained by it will be presumed unless want of jurisdiction affirmatively appears on the face of the record or is shown by extrinsic evidence in a direct attack on the judgment or order. 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 2347; Wilkowske v. Lynch, 124 Minn. 492, 145 N. W. 378; Leland v. Heiberg, 156 Minn. 30, 194 N. W. 93; Roscoe Black Co. v. Brown, 164 Minn. 440, 205 N. W. 438.

On the record before us, lack of jurisdiction over the subject matter of the garnishment does not affirmatively appear, and there is no extrinsic evidence. The record consists of the summons, complaint, affidavits for garnishment, garnishee summons and notice to defendants, proof of service of summons, garnishee summons and notice, motion by appellants to discharge garnishees and dismiss garnishment proceeding as to them on the ground of lack of jurisdiction, and the order denying the motion, followed by notice of appeal to this court. There has been no disclosure by the garnishees. Jurisdiction of the persons of appellants is conceded.

4. It is argued that the property of appellants sought to be reached is the property of the estate of Edward J. Hanlon, now being administered by the probate court, and that the probate court has exclusive control of that property during administration; hence the district court has no jurisdiction over it, and garnishment thereof cannot be sustained. The appellants are sued as representatives of the Edward J. Hanlon estate, and the garnishment is against them as such. The affidavits of garnishment charge, as already noted, that each of the garnishees has money and property in its hands and under its control belonging to each of the defendants and is indebted to each of the defendants in an amount exceeding $25. As far as appears, there has been no completion of the winding up of the affairs of the partnership of Hanlon & Okes and no accounting between the surviving partners and the repre-

sentatives of the Hanlon estate. What the disclosure of the garnishees may show, when had, we have no means of knowing. It may show that the garnishees have money and property belonging to the partnership of Hanlon & Okes, or to the surviving partners as such, or are indebted to that partnership or to its surviving partners. In such case, the money, property, or indebtedness so disclosed would, in law, be the property of the surviving partners. 2 Mason Minn. St. 1927, § 7408(d).

5. The representatives of the estate of Hanlon would have an interest in being parties to the garnishment proceeding for the purpose of protecting the interest of the estate. They would have the right to have an accounting by the surviving partners to determine what interest in the property and assets in the hands of the surviving partners would come to the estate on settlement of the partnership accounts. They may properly be made parties to a garnishment proceeding involving property of the partnership in the hands of the garnishees.

6. The rights of the representatives of the estate in respect to such a claim against the surviving partners is a matter for the district court to determine. A claim by the representatives of a deceased person against third parties, not heirs or devisees of the deceased, is not within the jurisdiction of the probate court. State ex rel. Lindekugel v. Probate Court, 33 Minn. 94, 22 N. W. 10; Mousseau v. Mousseau, 40 Minn. 236, 41 N. W. 977; Wilson v. Erickson, 147 Minn. 260, 180 N. W. 93; O'Brien v. Lien, 160 Minn. 276, 199 N. W. 914; A. L. Goetzmann Co. v. Gazett, 172 Minn. 68, 214 N. W. 895. Any accounting or settlement of the partnership accounts between the surviving partners and the representatives of a deceased partner would seem equally to be for the district court to hear and determine.

7. The statute provides that money and property in the hands of an executor or administrator may be attached by garnishment. 2 Mason Minn. St. 1927, § 9360; Dunnell, Minn. Prob. Law, § 1135. This statute refers directly to garnishment where the representatives of the estate are the garnishees. But no logical reason appears why the statute does not equally apply to the present case,

where funds and property in the hands of third parties are garnished but claimed by the representatives to belong to the estate or to them as representatives and they are parties to the proceeding and defendants in the action.

There are a number of cases from other courts in states having no statute such as § 9360 of our statutes, which hold that property or money in the hands of representatives of an estate of a deceased person is not subject to garnishment. In some of the decisions the absence of such a statute is noted. See Hudson v. Wilber, 114 Mich. 116, 47 L. R. A. 345, and note p. 346. But such statutes have been enacted in several states, and in some states the general garnishment statutes have been held sufficient to authorize such garnishment. Wheeler v. Bowen, 20 Pick. 563; Harmon v. Osgood, 151 Mass. 501, 24 N. E. 401; Cutter v. Perkins, 47 Me. 557; Boyer & Barnes v. Hawkins, 86 Iowa, 40, 52 N. W. 659; Thrasher v. John Buckingham & Co. 40 Miss. 67; Holman v. Fisher, 49 Miss. 472; Moore & Lyons v. Stainton, 22 Ala. 831; Sapp v. McArdle, 41 Ga. 628; Johnes v. Jackson, 67 Conn. 81, 34 A. 709. These statutes have uniformly been upheld.

The case of O'Day v. O'Day, 171 Minn. 280, 214 N. W. 26, 27, while not directly in point, has some application here. The fund there garnished had been decreed to defendant as heir of the deceased and had been deposited with the county treasurer pursuant to G. S. 1923, § 8888. The court did say in the opinion [171 Minn. 283] without referring to § 9360 of the present statutes: "The money was subject to garnishment in the hands of the administrator, and no good reason appears why it should not be subject thereto in the hands of the present custodian."

That the district court has jurisdiction in the main action here cannot be successfully controverted. It may involve partnership accounting, claims in favor of the representatives of this estate, and other matters not within the jurisdiction of the probate court. On the present record, these matters are not before us. As to what form of relief or judgment, as against these appellants, the district court may or can grant, in case recovery is had, that also is not for us here to determine.

254

Appellants have failed to show want of jurisdiction over the subject matter of this garnishment and do not claim lack of jurisdiction of the parties.

The order appealed from is affirmed.