ELIZABETH H. THORNDIKE & others *vs.* HANNAH E.
HINCKLEY.

Suffolk.   November 12, 1891. — January 6, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Guardian and Ward — Indebitatus Assumpsit — Trust Deed.*

A ward cannot maintain an action of *indebitatus assumpsit* against a guardian be-
fore the guardian's accounts have been settled in the Probate Court.

In an action on an account annexed brought by wards against a guardian, the
plaintiffs put in evidence a trust deed made by the guardian for their benefit,
admitting an indebtedness to them, and also a new deed in confirmation thereof,
bearing the same date, but subsequently made in conformity with a decree of
the court, and introduced no other evidence to show that the defendant owed
them ; and these were relied on, not as contracts to be enforced, but merely as
evidence of the existence of a debt. *Held*, that it was competent for the guar-
dian to testify that the new deed referred to her indebtedness as guardian at
the time the first deed was made. *Held also*, that the plaintiffs, having ratified
the action of their trustee and accepted the deeds and a note made by the de-
fendant for their benefit, must take the new contract with its qualifications, and
could not avail themselves thereof in the action.

CONTRACT on an account annexed.   The answer contained a
general denial and alleged that the debt, if any, arose from the
defendant's acts as guardian of the plaintiffs ; that her accounts
in the Probate Court had not been acted upon ; and that she
had fully paid all claims, if any, due to them.   Trial in the Su-
perior Court, without a jury, before *Dunbar*, J., who found for
the defendant, and reported the case for the determination of
this court, in substance as follows.

It appeared in evidence that Edward Thorndike, the father of
the plaintiffs and husband of the defendant, died intestate in 1874.
The defendant was appointed administratrix of his estate and
guardian of his children, who at that time were all minors.   As
guardian and otherwise she managed the estate of her deceased
husband until 1885, when she was removed from her guardian-
ship by the Probate Court, and another was appointed in her
place.   At the time of her removal she filed her accounts as
guardian in the Probate Court, but when this case was tried
they had not yet been acted upon.   In 1878 the defendant exe-
cuted a trust deed of all her dower and right in certain lands to

Daniel D. Hinckley, to secure the payment of a promissory note for four thousand six hundred and forty-eight dollars for the benefit of her children, in which sum she acknowledged that she was indebted to them; and in 1888, in accordance with a decree of this court in a suit in equity to which all the present plaintiffs were parties, she executed a second trust deed of the same property, confirming the first deed and modifying the trusts therein created. The plaintiffs offered these deeds in support of the present action; and this was all the evidence given of the defendant's indebtedness. The defendant testified, subject to the plaintiffs' exception, and the presiding justice found as a fact, that there was no indebtedness of the defendant to the plaintiffs, except such, if any, as arose from the relationship of guardian and ward, by reason of the defendant having had property of her wards in her possession as guardian which had not been paid over by her. The present guardian of the minor children, acting also as agent of the children who have become of age and of the trustee under the trust deeds, has collected the rents of the estate, and has applied them partly to the support of the defendant, and partly for the benefit of the children, in accordance with the terms of the trust deed; but no adjustment of the money so received has ever been made between him and the defendant, who claims that the debt, if any, has been wholly liquidated by these collections.

The foregoing was all the material evidence introduced at the trial.

The plaintiffs requested, among others, the following rulings: "That the declarations of the defendant in the trust deeds are sufficient to support an action of *indebitatus assumpsit;* that the defendant cannot, by statements of hers which do not prove payment, satisfaction, or release, lessen the effect of said declarations, and is estopped thereby; said trust deed was not payment, nor have the plaintiffs, by joining in the bill in equity to reform said trust deed, thereby accepted the same in payment of the indebtedness of the defendant to them; the defendant's offer to testify that she was indebted to the plaintiffs only as guardian, was an offer of incompetent evidence; that if such evidence so offered was rightly admitted, yet if the defendant stated an account with the plaintiffs, or any one in their behalf,

the plaintiffs had a right of action thereon independent of any remedy which they might have against the defendant on her bond to the judge of probate as guardian."

The judge refused so to rule, but ruled that the plaintiffs could not maintain this action, and found for the defendant.

If the ruling was correct, judgment was to be entered for the defendant; otherwise, for the plaintiffs, the case to be referred to an assessor to determine how much remains due for which execution should issue.

*C. Robinson, Jr. & G. A. Blaney*, for the plaintiffs.

*W. A. Gaston & F. E. Snow*, for the defendant.

KNOWLTON, J.　The report presents all the material evidence introduced at the trial. It appeared that the defendant was administratrix of her former husband's estate, and guardian of the plaintiffs, who are her children, and that from her husband's death in 1874 until she was removed from her guardianship by the Probate Court, in 1885, she was in charge of their property. Her accounts as guardian have been filed in the Probate Court, but have never been acted upon, and still remain unsettled. The plaintiffs put in evidence the trust deed made by her for their benefit, bearing date June 19, 1878, which admitted an indebtedness to her children, and the new deed in confirmation of the first, bearing the same date, but subsequently made in conformity with a decree of the court. It appeared that money had been collected from time to time under these deeds, and the defendant contended that the indebtedness referred to in them had been fully paid. She also testified, and the judge found as a fact, that she owed the plaintiffs nothing unless there was something still due on account of their property in her possession as guardian which she had not paid over.

It is established by the authorities, that, on such a liability, an action of *indebitatus assumpsit* cannot be maintained before the guardian's accounts are settled in the Probate Court. It is important to the parties in such cases that all matters of account should first be considered and determined in the Probate Court, which is given jurisdiction for that purpose, and that neither of them should be liable to an action at common law while proceedings under the statute are open to the other. The defendant's accounts had not been settled, and the plaintiffs' remedy

for this kind of default should have been sought in another way. *Brooks* v. *Brooks*, 11 Cush. 18. *Moore* v. *Hazelton*, 9 Allen, 102. *McLane* v. *Curran*, 133 Mass. 531. *Murray* v. *Wood*, 144 Mass. 195. If there had been a settlement of the accounts, and a refusal to pay over the balance due, an action at common law might be maintained. *Cobb* v. *Kempton*, 154 Mass. 266.

It was competent for the defendant to testify that the trust deeds referred to her indebtedness as guardian at the time the first deed was made. The plaintiffs introduced no evidence to show that the defendant owed them except the deeds, and these were relied on, not as contracts to be enforced, but merely as evidence of the existence of a debt. The liability as guardian was not one that can be enforced by an action of this kind, unless the deeds changed its character in that respect. But the deeds referred to the indebtedness merely as the inducement to the making of the contract then entered into. They created a new relation between the parties. The defendant became the grantor in a trust deed, and the maker of a promissory note to the trustee for the benefit of the plaintiffs. A new liability was thus created which the courts will enforce, but which the plaintiffs do not seek to have enforced in this suit. Except as the new contracts may be made available according to their terms, there was no change. The indebtedness, considered merely as indebtedness, apart from the contract, took on no new quality, and if it could not have been collected by an action for money had and received before the deed and the note were made, it could not afterwards.

Moreover, the plaintiffs have ratified the action of their trustee, and have accepted the deeds and note by their guardian, and they were parties to the proceedings before the court which resulted in a new and reformed deed under which they have been receiving payments. Having accepted the contract made by the defendant, they must take it with its qualifications. By its terms a note is given, and collections are to be made from the property, to be applied on the note. When the note is payable does not appear, for it was not introduced in evidence. The acknowledgment of an indebtedness on which the defendant was not liable before, was coupled with a provision for the payment of it in a certain way, and not otherwise. A contract which

provided for a particular mode of payment of it, and for no other, cannot be held to have opened to the plaintiffs a new mode of collection different from that mentioned in the contract. The admission is no broader in legal effect than appears in the purpose for which it was made.

The court rightly refused the ruling requested at the trial, and properly found for the defendant.

*Judgment for the defendant.*