CLARENCE W. BETCHER v. CHARLES BETCHER.[1]

May 17, 1901.

Nos. 12,485—(89).

### Accounting by Executor—Jurisdiction.

A testator, up to the time of his death, was engaged in business in partnership with one of the two executors named in the will. After the testator's decease such executor continued the business as the surviving partner. He then entered into an agreement with his co-executor, whereby he purchased the interest of the estate at a certain sum, but no money was paid to the co-executor, and no accounting was made to the probate court by either executor. Both executors were discharged without having rendered an accounting, leaving the estate unadministered. From time to time money was paid by such surviving partner to the sole heirs of the testator. In an action against such surviving partner by a subsequently appointed administrator de bonis non, to compel an accounting, held, that such surviving partner was not a debtor of the estate at the death of the testator, and that his relation to the estate still remained that of executor, and the jurisdiction of the probate court to compel an accounting was exclusive, and such jurisdiction was not lost by the fact that the executor was discharged, leaving the estate unadministered. The district court has no jurisdiction of the subject-matter. Peterson v. Vanderburgh, 77 Minn. 218, distinguished.

Action in the district court for Goodhue county by plaintiff, as administrator de bonis non of the estate of Herman Betcher, deceased. The complaint prayed for an accounting by defendant, as executor of the will of the deceased, and for judgment for the amount which should be found to be due by defendant to the estate. From an order, Crosby, J., overruling a demurrer to the complaint, defendant appealed. Reversed.

*Albert Johnson*, for appellant.

*John F. Merrill* and *E. B. & R. E. Bundy*, for respondent.

LEWIS, J.

The complaint states that on March 15, 1876, one Herman Betcher died testate; that on the 30th of that month the will was allowed and admitted to probate in Goodhue county; that

[1] Reported in 86 N. W. 1.

the will named the defendant and William C. Williston as executors, and that letters testamentary were issued to them from the probate court; that during his lifetime the deceased and defendant were engaged in a general retail hardware business at the city of Red Wing, and that upon the death of Herman Betcher defendant became the sole surviving partner of the co-partnership; that in 1877 defendant made an accounting to his co-executor, Williston, of the deceased's interest in such co-partnership, which he represented to be of the value of $10,252.90; that it was agreed between the executors that the estate was of such value, and that defendant should take such interest, and pay the estate that amount. It is also alleged that, in addition to the partnership interests, there came into defendant's hands, as executor, other personal property, of the value of about $800; that the defendant did appropriate to his own use and benefit decedent's partnership interest, and has ever since held the same as his own; that he neglected to pay to his co-executor, Williston, or to any other person, on behalf of said estate, such amount, or to account for the same, but that, as such executor, he has continued to hold this sum of money as the assets of such estate. It is further alleged that on March 21, 1878, Williston was discharged as executor, and that on April 4, 1879, by order of the probate court, defendant was removed and discharged as such executor, thus leaving the estate unadministered; that on December 28, 1899, the plaintiff, who was a posthumous child of the deceased, was appointed administrator with the will annexed; that from time to time defendant paid to the widow and the plaintiff, as the only surviving heirs of the deceased, certain sums of money, which were received by them as earnings upon the interest of the estate in such co-partnership. There is a further allegation that defendant has wholly failed and neglected to keep the money belonging to the estate separate and apart from his own funds, and that he has wrongfully used the same in carrying on his private business, and that during all of said times he has realized large profits and gains therefrom, the amount of which is to plaintiff unknown. Judgment is asked that an accounting be had of the doings of defendant as executor of all the property and other assets which have come into his

hands as such executor, and of the profits and gains which he has realized therefrom. This complaint was demurred to upon the ground that plaintiff did not have legal capacity to sue, that the district court had no jurisdiction of the subject of the action, and that the complaint does not state facts sufficient to constitute a cause of action. Appeal was taken from an order overruling the demurrer.

The only question which we need to consider is whether or not the district court had jurisdiction of the subject-matter of the action. If, under the circumstances alleged in the complaint, the relation of defendant to the estate was that of executor, then, in our judgment, the probate court had exclusive jurisdiction. On the other hand, if, in respect to the estate, the defendant stood in the relation of a creditor, irrespective of his relation as executor, then the district court might have jurisdiction. It therefore becomes important to determine from the allegations of the complaint in what capacity defendant stands in relation to the estate. It seems very clear that defendant holds the alleged funds in his possession as an executor, and not as a creditor, of the estate. At the time of testator's decease, he and defendant were copartners in business, and at that time the defendant was not indebted to the estate. Upon decedent's death, the defendant became the surviving partner, and continued the business. He was appointed executor, but never made an accounting to the probate court of the property coming into his hands. He entered into an agreement with his co-executor, by which he purchased the estate's interest, agreeing to pay a specified amount, which sum he never paid to the co-executor, never accounted for to the probate court, and never turned over to the executor succeeding him. Prior to the alleged purchase, as an executor, of the estate's interest in the co-partnership, defendant was bound to render an accounting to the probate court. After the alleged purchase, he was bound either to pay the purchase price to his co-executor, who would be obligated to render such an accounting, or, if he did not pay it in that manner, he was still obligated to account for the same, as executor, to the probate court. The mere fact that defendant agreed to purchase the interest of the estate in the part-

nership did not make him a debtor of the estate, so as to confer jurisdiction upon the district court.

The complaint in this action is evidently drawn with a view to bring it within the scope of Peterson v. Vanderburgh, 77 Minn. 218, 79 N. W. 828, and counsel for respondent have relied mainly upon that authority for their claim that the district court has jurisdiction of the subject-matter. But that case has been misunderstood. It simply decided that, where an executor was a creditor of the estate during the lifetime of the testator, in an action in equity in the district court he would be liable to his co-executor for the amount of such indebtedness. That case rests upon the principle that the creditor stands in exactly the same position as a third party would, and that such relationship was not changed by the mere fact that he happened to be an executor. The distinction between that case and the one presented here is plain. Under the constitution, as defined by the decisions of this court, the probate court has exclusive jurisdiction over the estates of decedents. This embraces absolute control over administrators and executors, and includes the necessary power to call them to proper accounting. The district court has no authority to call an executor to make an accounting under the circumstances of this case. It is immaterial that the executor has, from time to time, paid money to the heirs of the deceased. It is of no importance that the probate court discharged the defendant without demanding of him a complete accounting and administration of the estate. Such facts would not confer jurisdiction upon the district court. Whatever rights plaintiff may have as the succeeding executor, or as an heir, he must seek his remedy in the probate court.

Order reversed.