### T. E. W. VILLIERS APPLEBY v. VICTOR M. WATKINS and Others.[1]

July 14, 1905.

Nos. 14,405—(163).

**Construction of Will.**

> When the construction of a will is necessary to the administration of the estate of a deceased person, the probate court possesses exclusive original jurisdiction. Following State v. Ueland, 30 Minn. 277, and later decisions.

Action in the district court for Ramsey county by plaintiff as one of the executors of the last will of Cornelia Day Wilder Appleby, deceased, to obtain a judicial construction of the will. The case was tried before Bunn, J., who made an order dismissing the action for want of jurisdiction. From a judgment entered pursuant to the order, plaintiff appealed. Affirmed.

[1] Reported in 104 N. W. 301.

*Thomas D. O'Brien, C. H. Poppenhusen, Joseph L. McNab and S. S. Gregory,* for appellant.

The real question is, in this case, is the bill one which states matters cognizable in equity? If it does, then clearly the district court, to which is committed by the constitution jurisdiction in all civil cases both in law and in equity, must take jurisdiction. This is a case clearly of equitable cognizance and therefore the district court must hear it. 3 Pomeroy, Eq. Jur. §§ 1151, 1153, 1154, 1156.

The appellant obviously occupies a position which distinctly suggests a resort to equity as the appropriate tribunal for the purpose of his bill. He is named not only as one of the executors of the will of his late wife, but he is named also as a trustee of the charitable trusts by that will sought to be created. He is also her sole heir as to any estate in respect of which she died intestate. If the charitable trust which it is claimed was established by her will should be void, the residue of her estate would pass to him as her heir, laying aside for the present all consideration of the effect of the marriage agreement which he entered into with her. It would seem, therefore, to be entirely proper for him, having been named as such trustee, to ask the instruction of a court of equity on this point, as he has done in his bill, before he is called upon to act as a trustee of that trust. His co-executors insist upon the validity of this trust. By section 12 his rights in respect of the use of the house, as to which he claims Mrs. Wilder was put to her election, are created. This is peculiarly an equitable question. By the same section a trust is created of which he is the beneficiary, and his wife's executors, he being one, are directed to set apart a fund and turn it over to the trustees of this trust for the purpose of raising the annuity therein contemplated. His co-executors declare and insist that this trust is ineffectual. That this case is one cognizable in equity, therefore, admits of no dispute. Bowers v. Smith, 10 Paige, 193, 199; Read v. Williams, 125 N. Y. 560; Wager v. Wager, 89 N. Y. 161; Underwood v. Curtis, 127 N. Y. 523, 543; Williams v. Williams, 73 Cal. 99, 104; Rosenberg v. Frank, 58 Cal. 387.

In Illinois the circuit courts, as courts of equity, have no general jurisdiction over the administration of the estates of deceased persons. Crain v. Kennedy, 85 Ill. 340; Minkler v. Simons, 172 Ill. 323, 326.

But it is equally well settled that a court of chancery may take jurisdiction in respect of the construction of wills where a case of essentially equitable character is presented to the court. Such courts, however, are not permitted to entertain such bills for the construction of wills in respect merely of legal rights. Longwith v. Riggs, 123 Ill. 258, 263; Harrison v. Owsley, 172 Ill. 629, 632.

It was held in Wisconsin that the county courts of that state to which is committed jurisdiction in probate, have jurisdiction to construe wills when that is necessary to a due administration of the estate and that such courts may exercise such jurisdiction as fully as a court of equity. Appeal of Schaeffner, 41 Wis. 260. Yet, in a recent case, it is held that the concurrent jurisdiction of circuit courts in this regard is equally well settled and unassailable. Burnham v. Norton, 100 Wis. 8.

In Pennsylvania the original jurisdiction of the court of common pleas is sustained in cases of this character, and it is held that the jurisdiction in probate of the orphans' court, is not exclusive. Appeal of Fidelity Insurance, Trust & Safe Deposit Co., 99 Pa. St. 443.

The attention of the court is called particularly to the concurring opinion of Justice Mitchell, in Mousseau v. Mousseau, 40 Minn. 236, 242, 243. See Peterson v. Vanderburgh, 77 Minn. 218; Duxbury v. Shanahan, 84 Minn. 353, 355.

Jurisdiction of equity is defined by principles, not precedents; and the whole subject of enforcing trusts is within the exclusive jurisdiction of equity in the absence of statute. Harrigan v. Gilchrist, 121 Wis. 127. The general rule is that equity may take jurisdiction of a suit to construe a will as incidental to its jurisdiction over trusts. Edgar v. Edgar, 26 Ore. 65; Torrey v. Torrey, 55 N. J. Eq. 410, 412; Dill v. Wisner, 88 N. Y. 153, 160; Hughes v. Hughes, 30 Ind. App. 591.

*C. N. Bell* and *Davis, Kellogg & Severance,* for respondents.

LEWIS, J.

This action was begun in the district court for Ramsey county by the filing of a complaint in the nature of a bill in equity to obtain a judicial construction of the will of Cornelia Day Wilder Appleby, deceased, with reference to the right of Dr. Appleby to occupy the Sum-

mit avenue homestead, and to determine his interest in the $5,000 set apart for the payment of taxes and assessments, as provided by paragraph 12, and also to obtain a decision upon the validity of the gift for charitable purposes.

The learned trial court decided that the district court had no jurisdiction, for the reason that, at the time the complaint was filed, the administration of Mrs. Appleby's estate was pending in the probate court for Ramsey county, and no final decree of distribution had been entered therein. The trial court based its decision upon the ground that the probate court had exclusive original jurisdiction, and that the circumstances of the case, as presented by the pleadings and at the trial, were not such as to call into action the equitable powers of the district court. The subject has been so exhaustively treated in the memorandum of the trial court that we can do no better than adopt the same as a sufficient expression of our views:

"It must be, and I think is, conceded that the probate court has jurisdiction and ample power to decide finally and conclusively all the questions raised by the complaint. They are all questions that would naturally be involved in the administration of the estate, and the jurisdiction of the probate court to decide all such questions is undoubted. Plaintiff's contention is that the jurisdiction of the probate court in respect of the construction of wills, at least where the equitable questions are involved, such as trusts, is not conclusive, but that this court has concurrent jurisdiction in such cases.

"The constitution of this state, article 6, § 7, gives the probate court jurisdiction over the estates of deceased persons and persons under guardianship. It has been held in the following cases that this jurisdiction is exclusive: State v. Ueland, 30 Minn. 277, 15 N. W. 245; Boltz v. Schutz, 61 Minn. 444, 64 N. W. 48; Brandes v. Carpenter, 68 Minn. 388, 71 N. W. 402; Betcher v. Betcher, 83 Minn. 215, 86 N. W. 1.

"State v. Ueland is the leading case, and the language of Judge Mitchell is instructive as showing an important distinction between the character of the jurisdiction of probate courts in this state over the estates of deceased persons, and that of probate, surrogates', or orphans' courts in other states. Judge Mitchell shows clearly that the old chancery jurisdiction in the settlement of the estates of deceased

persons has been practically taken away from courts of equity in this country and conferred upon courts called probate, surrogate, or orphans' court. He says: 'In some states, theoretically, courts of equity retained concurrent jurisdiction over these matters, although in practice they would not, in the absence of some distinctive equitable principle, assume to exercise it, but leave the matter to the special probate tribunals. In other states the jurisdiction thus conferred upon the probate courts was held to be exclusive. The latter was the doctrine that prevailed in this territory and in the states from which it borrowed its probate system, and the provisions of the constitution defining the jurisdiction of the district court and probate court must be understood and construed with reference to this state of things then existing. To hold that the equity jurisdiction given by the constitution to the district court extends to everything which pertained to equity jurisdiction as formerly administered in England would be utterly inconsistent with the grant of jurisdiction to the probate court. Such a construction would limit the judicial power of the latter court over the estates of deceased persons to the mere probate of wills and the issuing of letters testamentary and of administration, and would deprive it entirely of all jurisdiction over the persons or estates of persons under guardianship.

" 'It was clearly the intention of the constitution to give the probate court the entire and exclusive jurisdiction over the estates of deceased persons and persons under guardianship, in the same manner and to the same extent that it gives to the district court jurisdiction over civil cases in law and equity arising out of other matters of contract or tort.'

"Judge Mitchell further says: 'The jurisdiction of the probate court includes the power to construe a will, whenever such construction is involved in the settlement and distribution of the estate of the testator. Hence, in the proceedings now pending in the probate court, that court has the power to construe the will of the decedent, in order to determine whether, under its provisions, it is a case for an election on the part of the widow.'

"In Boltz v. Schutz, Judge Collins said: 'The probate courts in this state have entire and exclusive jurisdiction over the estates of deceased persons, in the same manner and to the same extent that our

district courts have jurisdiction over civil cases at law and in equity arising out of other matters of contract or tort. When a particular probate court is invoked to exercise its jurisdiction in a particular case over a particular estate, and exercises that jurisdiction, it attaches for all purposes connected with that estate, and continues until the estate is administered upon and settled according to law.'

"In Brandes v. Carpenter it is held that the probate court has exclusive jurisdiction of the estates of persons under guardianship. The language of the constitution is that 'a probate court shall have jurisdiction over the estate of deceased persons and persons under guardianship.'

"In Betcher v. Betcher, the court says: 'Under the constitution, as defined by the decisions of this court, the probate court has exclusive jurisdiction over the estates of decedents.'

"These cases show beyond question that the jurisdiction of the probate courts of this state over the estates of deceased persons is exclusive, and that this jurisdiction includes the power to construe a will, and all equity powers necessary to the settlement and distribution of the estate. The proceedings in the probate court in the Ueland case were distinctly equitable in character, and the questions raised were peculiarly equity questions, formerly within the exclusive jurisdiction of chancery. But the probate court was held to have exclusive jurisdiction. Logically these cases would seem to settle beyond doubt that a district court has no concurrent jurisdiction. But it has been suggested in two cases that the district court may have concurrent jurisdiction in certain cases.

"In State v. Ueland, after holding that the jurisdiction of the probate court over the estates of deceased persons is exclusive, Judge Mitchell says: 'Neither do we mean to decide that there may not be cases where the district court would have concurrent jurisdiction with the probate court, where they involve some additional equitable feature, such as trust or fraud or the like, which of itself, independent of the administration or guardianship, would be sufficient ground for the interference of a court of equity. But no such case is here involved. Hence, it is neither necessary nor advisable to define or enumerate these cases, if there be such.

"In Duxbury v. Shanahan, 84 Minn. 353, 87 N. W. 944, the court held that the probate court had original jurisdiction to construe the will of Father Shanahan, and that its construction and legal effect was necessarily involved in the administration and distribution of the estate by the probate court. But the court, after saying that the district court and the Supreme Court had appellate jurisdiction, added that the district court could probably, 'upon the filing of a sufficient bill in equity, proceed to a judgment interpreting the instrument.' This statement is by way of argument and obiter, and it is perhaps uncertain whether the court meant that the jurisdiction existed while the probate court still had jurisdiction. Furthermore, the language is qualified by the words 'probably,' and 'upon the filing of a sufficient bill in equity,' and 'on a proper showing.'

"Assuming, from the language quoted from the Ueland case and the Shanahan case, that the district court, 'in a proper case,' 'upon a proper showing,' 'upon the filing of a sufficient bill in equity,' may have concurrent jurisdiction with the probate court to construe a will, the question is, What is a proper case, what is a sufficient showing, to give the court such jurisdiction?

"I can think of but one satisfactory and logical answer to this question. Where the bill in equity presents questions that the probate court has not ample power to determine, where it appears there is no adequate remedy in the probate court, where it is shown that compelling resort to that tribunal might result in depriving plaintiff of some right or remedy, the district court has jurisdiction. But where the powers of the probate court are ample, where adequate relief can be had there, when there is no showing of possible loss or damage to plaintiff by denying his right to resort to equity, the district court has no jurisdiction. * * *

"There is much real or apparent conflict in the decisions of other states. In many states, probate courts have no equity powers; in others, no power over testamentary trusts; in others, courts of equity have concurrent jurisdiction over the estates of deceased persons. In New York, Illinois, and some other states courts of equity are held to have jurisdiction of actions to construe wills wherever trusts are involved, by virtue of the peculiar jurisdictions of equity over the subject of trusts, but no jurisdiction otherwise. In New York this juris-

diction is expressly given the Supreme Court by statute. In Wisconsin a peculiar rule prevails: Courts of equity have concurrent jurisdiction with the county courts over the estates of deceased persons, but will not exercise that jurisdiction when the powers of the county court are ample, except that they entertain suits to construe wills, apparently because they have always exercised that jurisdiction. But it is not a question of jurisdiction in Wisconsin, but rather a question of the exercise of discretionary powers. The decisions from the courts of these states are not controlling or helpful, in view of the constitutional provisions in this state, and the uniform holding of the Supreme Court that the jurisdiction of the probate courts over the estates of deceased persons is exclusive, and that such courts have full equity powers, including the power to construe wills, and the power to declare trusts created by the will valid or invalid.

"The courts of at least three states have declared what I believe to be the correct rule. In California it has never been decided that a court of equity has concurrent jurisdiction over suits to construe wills, nor has it been decided that they have no such jurisdiction; but in Siddall v. Harrison, 73 Cal. 560, 15 Pac. 130, the court said that, if courts of equity in proper cases had the power to construe wills, they should not entertain such suits except in cases where there are special reasons for it, and the court indicates what these 'special reasons' should be by this language: 'Since our courts have in probate practice most ample powers, may recognize and declare trusts and compel their execution, and in the final decree must define all estates, legal or equitable, which pass under the will or statutes of descent, it is evident the occasion which would justify such interference would rarely occur.' In Blair v. Johnson's Heirs, 64 Vt. 598, 24 Atl. 764, it is held that the jurisdiction of the circuit courts over the estates of deceased persons is not original or concurrent, but special and limited, and only in aid of the probate court when the powers of that court are inadequate. Said the court: 'It follows, therefore, that if, at the time a question as to the construction of a will needs to be decided, the probate court can be resorted to and its jurisdiction is adequate for that purpose, that court must be resorted to, and chancery cannot be.' In Nebraska it is distinctly held in two recent cases that the jurisdiction of the probate courts in that state is exclusive and their powers ample, and that

therefore there is no excuse shown for the invasion of their province by a court of equity in assuming jurisdiction of a suit to construe a will. The jurisdiction of the district court is denied, even though trusts are involved. Reischick v. Reiger (Neb.) 94 N. W. 156; Youngson v. Bond (Neb.) 95 N. W. 700.

"I think the rule I have laid down needs no further authority to support it. It is reasonable, logical, and in accord with the exclusive character of the jurisdiction of the probate court, and in harmony with the general principles of equity jurisprudence. Plaintiff has an adequate remedy in a court provided by the constitution for the adjudication of all questions arising during the settlement and distribution of the estate of the deceased. An appeal lies to the district court· from the judgment of that tribunal, and to the Supreme Court from the district court. * * *

"It is to be noted that the complaint presents no questions of fraud, and no questions that involve in any way the enforcement of trusts created by the will. This might be important if it be held that equity has jurisdiction to enforce the performance of trusts and to control the conduct of trustees. No such issues are involved in this case."

We will only add that too much importance should not be attached to the suggestion found in State v. Ueland and Duxbury v. Shanahan, supra, to the effect that the district court probably had, in proper cases, concurrent jurisdiction with the probate court. All that was said in those cases on the subject was by way of argument, and merely to lay stress upon the fact that the cases then under consideration presented no exception to the rule.

Judgment affirmed.

START, C. J., concurs in the result.