## WILHELMINA FISCHER v. GODFREY HINTZ.[1]

February 13, 1920.

No. 21,669.

**Misjoinder of causes of action — demurrer.**

1. When a complaint contains causes of action which cannot properly be united and they are mingled and pleaded as one cause of action, the defendant may demur for misjoinder without first having the several causes of action separated and stated severally.

**Action against defendant as individual and as representative misjoinder.**

2. A cause of action against one in his representative capacity cannot be joined in the same complaint with one against him in his individual capacity.

**Accounting by administrator — jurisdiction of probate court — action by widow.**

3. One who obtains possession of the personal property of a decedent as administrator of his estate may be required by the probate court to account for and deliver to the widow of decedent the portion of such property she is entitled to select as her statutory allowance. An action by the widow to recover such property, or its value, cannot be brought in the first instance in the district court. The probate court controls the property through the administrator, and its jurisdiction over him and over the estate is exclusive.

Action in the district court for Freeborn county for an accounting. Defendant demurred to the complaint on the grounds mentioned in the first paragraph of the opinion. From an order, Catherwood, J., sustaining the demurrer, plaintiff appealed. Affirmed.

*Arnold & Arnold* and *Norman E. Peterson,* for appellant.

*J. O. Peterson,* for respondent.

[1]Reported in 176 N. W. 177.
145 M—11.

LEES, C.

Appeal from an order sustaining a demurrer to the complaint on two of the grounds specified therein, the first that the court had no jurisdiction of the subject of the action, and the second, that several causes of action were improperly united. The facts stated are briefly as follows:

Plaintiff, a married woman, is defendant's sister, and reposed special confidence in him because of their relationship. Her husband died September 15, 1896, leaving her with a minor child. On her application, defendant was appointed and qualified as administrator of her husband's estate. Thereafter she conveyed to him a house and lot owned by her in her own right and occupied as her homestead. He agreed to take charge of the property for her and to reconvey it when requested to do so. He collected the rents and finally sold the property without her knowledge. It was mortgaged for $500. He sold it for a sum in excess of $1,600. Plaintiff had received $1,000 upon a certificate of life insurance her husband had taken out for her benefit. She gave the money to defendant to be used in discharging the mortgage on her real estate. He agreed to keep the remainder for her and repay it as she needed it. In July, 1897, as administrator of her husband's estate, defendant became possessed of the portion of her husband's personal property to which a widow is entitled as her statutory allowance. It was of the appraised value of $497. He has never accounted to her for any of the property or money thus received, but from time to time has paid her small sums, not exceeding $600 in all. In July, 1917, when her child became of age, she asked for an accounting, but did not get it. In April, 1918, she discovered that defendant had sold her real estate, and immediately brought this action for an accounting.

The demurrer was on four grounds: Want of jurisdiction; want of legal capacity to sue; the improper joinder of several causes of action, and the failure to state a cause of action. It was sustained on the first and third grounds with leave to amend.

1. The facts stated in the complaint are set forth as, but manifestly constitute more than, a single cause of action. Plaintiff contends that, if this be so, defendant should have applied for an order requiring her to plead separately as many causes of action as may be embraced in the complaint, and that demurrer was not his remedy. In this we do not

concur. When a complaint contains causes of action which cannot properly be united and they are mingled and combined, the defendant is not required to move, in the first instance, for the separation of the several causes of action in order that he may demur when such separation has been accomplished. He may demur for misjoinder, though the pleading in form sets forth but one cause of action, if in reality it embraces two or more that cannot be joined in any form. Pomeroy, Code Remedies, § 344; Bass v. Upton, 1 Minn. 292 (408); Anderson v. Scandia Bank of Minneapolis, 53 Minn. 191, 54 N. W. 1062; Goldberg v. Utley, 60 N. Y. 427; Leidersdorf v. Second Ward Sav. Bank, 50 Wis. 406, 7 N. W. 306; Mulholland v. Rapp, 50 Mo. 42.

2. Defendant's liability for the proceeds of the sale of the real estate and for the life insurance money is an individual liability. His liability for the personal property is not. He is chargeable for such property in his representative capacity only. G. S. 1913, §§ 7296, 7399.

The complaint does not state the amount of the estate left by plaintiff's husband, nor her selection under G. S. 1913, §§ 7243, 7307, of the personal property referred to, nor the making by the probate court of the order required by G. S. 1913, § 7308. Nothing was said in Sammons v. Higbie's Estate, 103 Minn. 448, 115 N. W. 265, to warrant plaintiff's contention that a widow may sue the administrator of her husband's estate to recover from him, individually, the value of the share in the personal property left by her husband which she is entitled to select as her statutory allowance. Surely, in no event, should such an action be allowed, when it appears that there has been no compliance with the statute relating to such selection and the defendant is still acting as administrator and, in his representative capacity, is in the possession of all the decedent's personal estate. The probate court is the only court which has jurisdiction. The rights of the widow can be amply protected in that court, and an administrator, derelict in the fulfilment of his trust, can there be speedily brought to account. The probate court controls the property through the administrator. He is subject to its orders only, and it has abundant power to compel his obedience. State v. Ueland, 30 Minn. 277, 15 N. W. 245; Wiswell v. Wiswell, 35 Minn. 371, 29 N. W. 166; In re Scheffer's Estate, 58 Minn. 29, 59 N. W. 956; Boltz v. Schutz, 61 Minn. 444, 64 N. W. 48; Starkey v. Sweeney, 71 Minn. 241,

73 N. W. 859; Betcher v. Betcher, 83 Minn. 215, 86 N. W. 1; Brown v. Strom, 113 Minn. 1, 129 N. W. 136; State ex rel. Benz v. Probate Court of Hennepin County, 133 Minn. 124, 155 N. W. 906, 158 N. W. 234.

3.  A cause of action against one in his representative capacity cannot be joined with one against him in his individual capacity. It is only where the counts are of the same nature and the same judgment is to be given on them all that they may be joined. The objection for such misjoinder may be taken advantage of by demurrer. Fritz v. McGill, 31 Minn. 536, 18 N. W. 753; Pabst Brewing Co. v. Small, 83 Minn. 445, 86 N. W. 450; Crowley v. Hicks, 98 Wis. 566, 7 N. W. 348; Ferrin v. Myrick, 41 N. Y. 315; 18 Cyc. 975-977; Pomeroy, Code Remedies, § 396.

In amending her complaint, plaintiff may eliminate her claim against defendant as administrator, if so advised. With that out of the complaint, the pleading would not be demurrable on either of the two grounds upon which the demurrer was sustained.

We are not called upon to decide and express no opinion upon the question of whether a cause of action is stated in the complaint. The order appealed from is affirmed.