## MARY McDERMOTT O'BRIEN v. LEWIS A. LIEN AND ANOTHER.[1]

July 25, 1924.

No. 24,198.

**Specific performance of antenuptial contract—jurisdiction of probate court.**
  Plaintiff and decedent made an antenuptial contract in which decedent agreed in case of his death to have $50,000 of his estate set aside and invested in interest-bearing securities and the income paid to plaintiff during her life. Decedent then, after the marriage, made a will in which he directed his executors to carry out the contract. Upon the death of the husband the will was admitted to probate. Plaintiff attempted to renounce the will and petitioned the court for maintenance and statutory allowance. She claimed the contract was void because of failure to make full disclosure to her. Her petition was denied, and she appealed to the district court where she was defeated and the court found the contract fairly entered into and valid. Plaintiff now sues the executors in district court for specific performance of the antenuptial contract, and the facts stated appear in the pleadings,

[1]Reported in 199 N. W. 914.

which also show the condition of the estate making a delay in converting funds into the trust fund specified in the contract. *Held* that:

(1) Those claims which rest on a will or the law of descent are within the jurisdiction of the probate court.

(2) If a contract is one which may be specifically enforced an action to enforce comes within the jurisdiction of the district court.

(3) Antenuptial contracts, in equity, may be specifically enforced although relating to personal property.

(4) There being no dispute as to plaintiff's legal rights and there being nothing to litigate to establish her rights, the probate court has exclusive jurisdiction to direct the executors to do that which is necessary to comply with the demands of the contract, as an incident to the distribution of the estate.

(5) Plaintiff's demand against this estate is not a "claim" under the statute.

(6) To determine when the executors can act "as soon after his death as is possible without material injury to his estate," is essentially a matter of administration that is exclusively in the jurisdiction of the probate court.

(7) Plaintiff's attempts at renunciation of the will were futile. This contract contemplates, by implication, that the representatives of the estate would have to make the conversion of property into interest-bearing securities as an incident to the administration. Decedent made the same an incident to the administration by his will.

(8) This court takes judicial notice of the economic and financial condition prevalent in the agricultural regions of the state.

(9) The antenuptial contract is in lieu of maintenance and other right. This and the character of plaintiff's demand require the probate court to make a proper order upon application.

Action for specific performance of an antenuptial contract against the executors of the last will and testament of Andrew D. O'Brien, deceased, transferred to the district court for Big Stone county. From the judgment of dismissal entered upon the order of Flaherty, J., plaintiff appealed. Affirmed.

*Lancaster, Simpson, Junell & Dorsey, Robert Driscoll* and *F. W. Murphy,* for appellant.

*D. J. Leary, Cliff & Purcell* and *D. H. Grady,* for respondents.

WILSON, C. J.

On July 15, 1920, plaintiff made an antenuptial contract with Andrew D. O'Brien in which each agreed, except as therein provided, to waive all claim to the property of the other. Mr. O'Brien was the party of the first part, and this contract in part reads as follows:

"In the event that first party herein should die before second party, the sum of $50,000.00 of the estate of first party shall be invested in first class securities, the income of which shall be paid to second party during her natural life, but in the event said second party should remarry, then in that event, she shall be entitled to the sum of $2,000.00 in cash and the income of but $8,000.00 and the remainder of said $50,000.00 shall revert to and become part of the estate of said first party. It is understood that the conversion of the property of first party into said interest bearing securities shall be done as soon after his death as is possible without material injury to his estate and said income shall be paid to second party in monthly instalments. Second party hereby accepts the above provision as her entire share in the property of first party."

On July 16, 1920, the parties were married. On August 19, 1920, Mr. O'Brien executed his will in which is this provision:

"I direct that my executors carry out an agreement made by me under date of July 15th, 1920, with Mary McDermott, of Clontarf, Minnesota, in accordance with the terms of said agreement, the original of which will be attached to this will."

On March 12, 1921, Mr. O'Brien died and his will was duly admitted to probate on May 9, 1921.

On May 18, 1921, plaintiff filed a petition with the probate court for her $500 personal property under the statute and for maintenance during administration. The original antenuptial contract was filed with the will, and plaintiff undertook to renounce under the will. This application was denied and plaintiff appealed to the district court, where issue was framed, and the plaintiff then claimed that decedent had not made full disclosure to her as to his financial

condition and that the contract was void. The district court decided against plaintiff and held that the antenuptial contract was valid, and that plaintiff was entitled to nothing from the estate except as provided therein. She did not appeal.

This action is now brought against the executors of the O'Brien estate for specific performance of the antenuptial contract. The complaint alleges the historical facts in the litigation above mentioned, and the answer admits them, and also alleges that it is now impossible to convert the property or assets into interest-bearing securities as contemplated by the contract without causing loss and injury to the estate. The answer sets forth the amount and nature of the assets of the estate and the fact that there are many debts to be paid, and that the estate is embarrassed because of holding real estate mortgages and having to pay interest on prior mortgages. In short, the answer alleges that the estate is suffering from our general economic and financial condition.

When the case was called for trial defendants objected to the reception of any evidence and moved to dismiss the action on the ground that the district court was without jurisdiction and that the relief sought was a matter exclusively within the jurisdiction of the probate court. The court sustained the objection and granted the motion. Judgment was entered dismissing the action. Plaintiff has appealed.

The plaintiff claims that since this action is brought for the specific performance of a contract and she makes no claim to any rights under the will, the district court has jurisdiction. The probate court has jurisdiction over the estates of deceased persons and persons under guardianship, but no other jurisdiction except as provided by the Constitution. Art. 6, § 7. This jurisdiction so given to the probate court is exclusive. This however does not mean that the probate court has jurisdiction over all cases which in any manner involve or arise out of the administration of an estate. State v. Ueland, 30 Minn. 277, 15 N. W. 245. The Constitution was not designed to give the probate court jurisdiction to try and determine controversies incidentally arising in the course of the settlement of the estate over claims of third persons against the

estate. To do so would be exercising jurisdiction over the estates of such third persons. This is beyond the powers of the probate court. The rights of third persons not interested in the distribution of the estate are not included in the jurisdiction. Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583; Mousseau v. Mousseau, 40 Minn. 236, 41 N. W. 977.

The jurisdiction of the probate court over the estates of deceased persons is for the purpose of administering such estates and includes all matters necessarily pertaining to the proper administration of them. The probate court may determine to whom the estate passed upon the death of decedent. Farnham v. Thompson, 34 Minn. 330, 26 N. W. 9, 57 Am. Rep. 59. Dobberstein v. Murphy, 44 Minn. 526, 47 N. W. 171. Claims made by third parties against the land passing to an heir or devisee, based on the alleged acts of such heir or devisee, and not on the law of descent, are not involved in the administration and must be determined by some other tribunal than the probate court. The Constitution confers power to take charge of, preserve and distribute according to law the property of the decedent, but not to determine, as between the representative of the estate and a third person, the right of property claimed by each. State v. Probate Court of Sibley County, 33 Minn. 94, 22 N. W. 10. In Mousseau v. Mousseau, supra, it was decided that the probate court had jurisdiction to direct the representative to make a conveyance when it appeared that there was no reason why it should not be made, although it was there expressly stated that the court had no jurisdiction to determine the merits of a controversy between the vendor and the vendee, where there was a dispute as to the rights of the parties under the contract of purchase. The Constitution does not confer exclusive original jurisdiction upon the probate court to try and determine all classes of claims. State v. Probate Court of Ramsey County, 103 Minn. 325, 115 N. W. 173. The probate court has jurisdiction to determine the immediate succession to the property of the deceased after the death of the latter subject to administration and the rights of creditors. Kleeberg v. Schrader, 69 Minn. 136, 72 N. W. 59. We have heretofore held that, where a decedent's estate was reduced to per-

sonalty, the probate court has power to adjudge to whom the same should be apportioned, and, as an incident thereto, to determine the rights of a daughter of an adopted child under the contract of adoption. Fiske v. Lawton, 124 Minn. 85, 144 N. W. 455. This decision rests largely on the theory that the jurisdiction is complete when it rests on a will or the statute regarding descent. Those claims which rest upon a will or the laws of descent are within the jurisdiction of the probate court. Rux v. Adams, 143 Minn. 35, 172 N. W. 912. A pretermitted child must first present his claim of inheritance to the probate court which has the province, in the first instance, to determine whether such child is entitled to inherit by virtue of section 7260, G. S. 1913. Odenbreit v. Utheim, 131 Minn. 56, 154 N. W. 741, L. R. A. 1916D, 421.

However, where one claims to be an adopted child and claims also an express contract that he will receive certain property upon the death of the foster parent, his alleged right to such property does not depend upon a will nor upon the laws of descent but is to be governed by contract. The determination and enforcement of such rights as result from such contract are ordinarily beyond the jurisdiction of the probate court. Odenbreit v. Utheim, supra. For the establishment of such a contract a plaintiff must look to the jurisdiction of the district court. In Colby v. Street, 146 Minn. 290, 178 N. W. 599, we held that a contract for the conveyance of real estate in consideration of the plaintiff living with and caring for decedent was enforceable in district court, and it was said: "If the contract is one which may be specifically enforced, we think an action to enforce it may properly be brought in the district court." This language is consistent with prior decisions of this court. Laird v. Vila, 93 Minn. 45, 100 N. W. 656; Svanburg v. Fosseen, 75 Minn. 350, 363, 78 N. W. 4, 43 L. R. A. 427, 74 Am. St. 490; Stellmacher v. Bruder, 89 Minn. 507, 95 N. W. 324. True, these cases relate to specific property and include real estate. Svanburg v. Fosseen holds that the probate court has no jurisdiction over actions for the specific performance of parol contracts for the conveyance of real estate.

As a general rule the specific performance of a contract is not decreed where the subject matter of the contract is personal prop‑ erty. Few antenuptial contracts, in equity, may be specifically enforced although relating to personal property. 30 C. J. 659, 25 R. C. L. 314, § 128. Where the claimant seeks to reach specific performance or where he may assert a contract of a special char‑ acter which entitles him to specific performance, he must resort to the jurisdiction of the district court. If plaintiff could be per‑ mitted to prosecute this action in the district court, what would be the effect of the decree? If her right or claim was denied it could in that court be established. When established the decree could not direct a performance until the affairs of the estate would per‑ mit. It is difficult to see just how the district court could, in ad‑ vance, determine how the estate is to raise this money. It may never pay the full amount. How can the district court decide what amount it will pay? We do not have to pursue this line of thought far to see how such holding would lead the district court to infringe upon the prerogative of the probate court. Such a decree would of course establish the validity of plaintiff's claim which perhaps could then be left to the vigilant care of the probate court.

In this case, however, plaintiff's claim has heretofore been liti‑ gated and established. Her claim has been adjudicated. It now stands admitted. It is res adjudicata. She stands in just as good a position as after trial in the district court. Oswald v. Pillsbury, 61 Minn. 520, 63 N. W. 1072; Berkey v. Judd, 27 Minn. 475, 8 N. W. 383. She cannot have preference. Plaintiff here has conceded rights to the full extent of the contract. The issue does not include the establishment of that right. It is admitted. The validity of plaintiff's contractual rights is not a moot question. There is no controversy about plaintiff's legal right which is the only element that would invoke the jurisdiction of the district court. What plaintiff, in fact, seeks is to have the district court, upon a con‑ ceded legal right, direct the executors of the estate to set aside prop‑ erty of the value of $50,000 and convert the same to interest-bearing securities for the purposes mentioned in .the contract; and to pay

interest until such conversion; and to restrain them from paying out any money for other purposes until the $50,000 securities are brought into existence.

Plaintiff's right under her antenuptial contract is not a "claim" under section 7326, G. S. 1913; Knutsen v. Krook, 111 Minn. 352, 357, 127 N. W. 11, 20 Ann. Cas. 852. This established and conceded right is a charge upon the estate. Its validity has not only been so established in court and now admitted by the pleadings in this action, but it has also been recognized by the decedent in his will. That question has been put to rest. This charge against the estate is not preferred over creditors or beneficiaries under the will. The only thing in issue is the question when are the executors to act. This involves the whole field of administration of the estate. When can the estate do this "as soon after his death as is possible without material injury to his estate?" This becomes essentially a matter of administration that is exclusively in the jurisdiction of the probate court.

There being no dispute as to plaintiff's rights, and nothing to litigate to establish her rights, the probate court has jurisdiction as an incident to the distribution of the estate to direct the executors to pay or do that which is necessary to liquidate this charge or comply with the demands of the contract. State ex rel v. Probate Court of Ramsey County, 103 Minn. 325, 115 N. W. 173; Mousseau v. Mousseau, supra. In fact the probate court, and the executors, have a duty under the seventh paragraph of the will which directs the executors to carry out the antenuptial contract. Plaintiff's efforts to renounce the will and destroy the antenuptial contract were futile. The court held against her. It cannot now be successfully claimed that she has lost any rights by reason of her futile efforts of renunciation. Her attempt now to base her claim entirely upon her contract, in the apparent effort to escape the jurisdiction of the probate court which is fixed and definite, if the rights rest upon the will, cannot be successful. This contract contemplates, by implication, that the representatives of the estate would have to make the conversion of property into interest-bearing securities as an incident to the administration of the estate. The

decedent was faithful to his obligations imposed by the terms of the contract. He made a testamentary provision carrying out the terms of the contract and thereby emphasized the fact that the matter of conversion is of necessity an element of the probate proceedings now incident to the will. Of such questions the probate court has exclusive jurisdiction. This being consistent with the implication, the plaintiff's rights have not been violated. The matter of conversion involves matters in which creditors, the plaintiff and beneficiaries under the will are interested. If conversion be made at an inopportune time, their interests may be diminished.

Under these circumstances the probate court is the only court which has jurisdiction. The rights of plaintiff will be protected. That court will direct and control the administration of the estate. The representatives of the estate will recognize their plain duty and, if derelict in the performance thereof, can promptly be called to account and even removed, if necessary. The probate court controls the estate through the executors. They are subject to its orders. It has abundant power to compel their obedience. Fischer v. Hintz, 145 Minn. 161, 176 N. W. 177. Plaintiff's rights cannot be sacrificed by delay necessary to protect the estate. We take judicial notice of the economic and financial condition prevalent in the agricultural regions of our state and considerable delay may be incident to this conversion. That should not impair the substantial rights of plaintiff, and upon proper application, the probate court, in the exercise of its original jurisdiction, may perhaps make an order directing such payments to be made to her to be applied in the nature of income from the trust fund which will eventually be created. This woman is the widow of decedent. In the absence of the antenuptial contract she would receive maintenance. The contract was undoubtedly in lieu of that and other rights. Its purpose is a failure if she is to be unreasonably postponed from receiving sustenance from this estate. Just when she is entitled to receive money under the circumstances must first be determined by the probate court which as a matter of course will view this situation in the spirit in which the parties to the contract intended it to operate. In an estate of this magnitude the probate court,

recognizing the rights of a widow under the spirit of our laws and recognizing that this antenuptial contract is a substitute for the statutory provisions for the widow and appreciating that the widow is not to be unduly deprived of sustenance from the estate by delay incident to the best interest of the estate, can find some proper method by which reasonable payments, considering her necessities, can be made to plaintiff, at stated periods, to apply upon the amounts which the widow will eventually receive from the estate. The delay in the conversion is for the best interest of the estate. The executors cannot delay the hour of conversion in order to diminish the total amount which the plaintiff will receive from the trust fund. Plaintiff's long delay in receiving her rights in the premises may be due to her failure to make application in the right form to the proper tribunal.

Judgment affirmed.