IN RE ESTATE OF CHARLES C. DREW.
CLEON D. SMITH, APPELLANT.[1]

May 15, 1931.

No. 28,421.

[1]Reported in 236 N. W. 701.

 

*Canfield & Michael,* for appellant.

*Martin W. Webber* and *Morphy, Bradford, Cummins & Cummins,* for respondents.

WILSON, C. J.

Charles C. Drew died testate. Appellant, Cleon D. Smith, and his brother, being grandsons of decedent and beneficiaries in the will, are interested to the extent of two-ninths of the estate. The respondents, being daughters of decedent and beneficiaries in the will, represent seven-ninths of the estate. Appellant and the two respondents were appointed coadministrators of said estate de bonis non with the will annexed. They qualified separately.

Appellant received money belonging to the estate. He deposited it in his name in his official capacity and proceeded to handle it in the administration of the estate as if he were the sole administrator, disregarding the duties, rights, and authority of his two coadministrators, with whom he failed and refused to consult as to the estate matters. Upon their application the probate court made an order on August 1, 1929, directing that the personal property owned by said estate be held jointly by the three coadministrators and directing the deposit of the cash money on hand to the joint account of all three of said coadministrators and requiring the appellant to recognize the official status of his coadministrators and allow them to join in drawing checks on the account.

On October 29, 1929, respondents petitioned the probate court for the removal of appellant as one of the coadministrators because he would not comply with the order of August 1, 1929, and persisted in ignoring them and had continued to act as if he were the sole administrator. After hearing, an order was made revoking the letters of administration issued to appellant and removing him from his office as a coadministrator and directing him to file his final account. He appealed to the district court, wherein the matter was not brought to trial until September 18, 1930.

The district court found that appellant had disregarded and refused to co-operate or consult the respondents as to estate matters requiring their judgment and discretion; that he acted as if he were the sole administrator; that he handled some estate matters wherein he acted in a dual capacity; that he refused to obey the order of the probate court of August 1, 1929, and had failed to co-operate as the interest of the estate required. It was therefore ordered that the order appealed from be affirmed, that appellant be removed as administrator and his letters of administration revoked. From the judgment entered appellant appealed.

■ Appellant challenges the jurisdiction of the probate court to make the order of August 1, 1929, for joint control. The subject matter of an action or proceeding in court relative to jurisdiction means the nature of the cause of action and the relief sought. The appellant apparently acted upon the theory that because the constitutional provision hereinafter quoted is general and the statute does not specifically authorize the court to make the particular order, it was a nullity.

Did the probate court have the right to adjudicate or direct concerning the particular subject matter, viz: to require joint control of the estate funds? The authority of a constitutional court to take jurisdiction of the subject matter is derived from the express grant by the sovereign state in the constitution and the laws made pursuant to it. The legislature cannot enlarge or diminish the constitutional authority. It may regulate the exercise of the probate court's jurisdiction by prescribing the manner of procedure. The constitutional jurisdiction of a probate court is found in art. 6, § 7, of our state constitution, and is:

"A probate court shall have jurisdiction over the estates of deceased persons and persons under guardianship, but no other jurisdiction, except as prescribed by this constitution."

The jurisdiction thus constitutionally invested in the probate court is general. It is exclusive. This court has frequently said this power is plenary. If the power is plenary it is entire, complete, and unqualified in relation to both legal and equitable prin-

ciples. The power so delegated as to a particular subject must be liberally construed. It would seem that the probate court has a broad power and is authorized to do any incidental thing which is reasonably necessary in the administration of an estate and the conduct of executors and administrators.

An estate is administered by the representative under the jurisdiction, supervision, and control of the probate court. Indeed, jurisdiction as contemplated by the constitution attaches for the purpose of supervising, directing, and controlling the representative of the estate according to law. The probate court has not only the power to appoint representatives but the power to control their official acts. Whenever such jurisdiction attaches in a particular estate, the whole of it comes within the authority and control of the court. This control of the property the court exercises through the representative. In referring to this constitutional authority in Betcher v. Betcher, 83 Minn. 215, 218, 86 N. W. 1, 2, this court said:

"This embraces absolute control over administrators and executors, and includes the necessary power to call them to proper accounting."

An administrator is an officer of the law. He is an officer of the probate court appointing him and is subject to its control and direction. In fact "he is subject to its orders only, and it has abundant power to compel his obedience." Fischer v. Hintz, 145 Minn. 161, 163, 176 N. W. 177, 178. He may "be called to account and even removed, if necessary." O'Brien v. Lien, 160 Minn. 276, 284, 199 N. W. 914, 917.

The purpose of having coadministrators is to have the benefit of their judgment and perhaps at times to have different interests represented. It is desirable to have all interested persons satisfied and the representatives to work in harmony for the best interests of the estate. The probate court is charged with great responsibility. Its duties are great. Its power is adequate.

In this case the record discloses lack of harmony and much hostility. The situation was detrimental to the estate. The arm of the court was disabled and its efficiency impaired. It was not only

within the power of the court, but it was its duty to take necessary action. The evidence sustains the conclusion that appellant was not co-operating with respondents or with the court. The order of August 1, 1929, was a necessary, reasonable, appropriate, and valid one. The subsequent refusal to comply therewith confirmed the conclusion that the order was imperative. It was the duty of the probate court to see to it that its appointees act for the best interests of the estate. To say that the court was without authority under such circumstances would result in a breakdown of efficiency in the probating of estates.

We need not discuss the abstract power of one coadministrator to act alone or when a third person is safe in dealing with one coadministrator to the exclusion of others. We are considering here the conduct of one coadministrator toward others. See In re Estate of Mead, 197 Iowa, 295, 197 N. W. 77; Dunnell, Minn. Pr. L. p. 321, § 638. It is sufficient to say that appellant disregarded his coadministrators, disobeyed the valid order of the probate court, and did not act for the best interest of the estate.

G. S. 1923 (2 Mason, 1927) § 8790, provides:

"Whenever a representative becomes insane or otherwise incapable of discharging his trust or unsuitable therefor, or has mismanaged the estate, or has failed to file an inventory of his account, or to perform any order or decree of the probate court, or has absconded, the court may remove him."

The appellant failed to perform the order of August 1, 1929. This was ground for removal. By his conduct he made himself "unsuitable" (First Nat. Bank v. Towle, 118 Minn. 514, 524, 137 N. W. 291, 295) to act as a representative. He thereby also subjected himself to removal.

We need not discuss the power of the probate court to remove a representative regardless of this statute.

Affirmed.