## VICTOR KEMMETMUELLER v. ROBERT A. ZACHMAN.[1]

May 11, 1945.

No. 33,991.

*Mark McCabe,* for appellant.
*Talbert M. Erickson,* for respondent.

MAGNEY, JUSTICE.

Action to recover $235 claimed by plaintiff to have been misappropriated by defendant while acting as guardian of plaintiff's estate. Defendant appeals from the judgment entered against him.

Plaintiff was a grandson and one of the heirs of Theresa Deane. In 1923, defendant, the administrator of her estate, was appointed guardian of plaintiff's estate. At the time of the grandmother's death plaintiff was seven years old. Defendant continued to be such guardian until plaintiff became of age in 1936. He has made no accounting of his guardianship to the probate court and has failed to pay over the money to plaintiff.

On October 27, 1937, defendant gave plaintiff his promissory note, payable one year after date, in the sum of $235, the amount which

[1]Reported in 18 N. W. (2d) 590.

came into the possession of defendant as guardian of plaintiff and for which he had failed to account.

Plaintiff claims that this note was given as evidence of the indebtedness to show how much plaintiff had coming and not in settlement thereof. Apparently, the trial court took this view. Defendant makes no complaint of the court's position, and that question is consequently not here for review.

Defendant was adjudged a bankrupt in June 1943. He listed plaintiff as a creditor in his schedule of liabilities. Plaintiff claims that the obligation here involved was not dischargeable in bankruptcy.

In 6 Am. Jur., Bankruptcy, § 511, it is stated:

"The Bankruptcy Act [§ 17, 11 USCA, § 35] excepts from the operation of a discharge such of the bankrupt's provable debts as were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity. The words 'while acting as an officer or in any fiduciary capacity' extend to 'fraud, embezzlement, misappropriation,' as well as to 'defalcation.' "

And in Micou v. National Bank, 104 U. S. 530, 26 L. ed. 834, the court held that a misappropriation by an executor, administrator, or guardian creates a debt arising in a fiduciary capacity, and a claim therefor is not discharged. However, in view of our holding that the municipal court of Minneapolis had no jurisdiction over the subject matter, the question whether this claim was discharged in bankruptcy is of no moment.

This action was tried in the municipal court of Minneapolis. The question presented here is whether that court had jurisdiction of the subject matter of the action. We think not. The court found the defendant liable on the theory that as guardian of plaintiff's estate during his minority he came into possession of certain money belonging to the ward, and while acting in that fiduciary capacity he unlawfully and fraudulently appropriated the money to his own use.

The probate court alone has jurisdiction to adjudicate the liability of a guardian to the estate in his charge. The district court has such jurisdiction on appeal. A municipal court has no jurisdiction in such matters. Minn. Const. art. 6, § 7, provides:

"* * * A probate court shall have jurisdiction over the estates of deceased persons and persons under guardianship, but no other jurisdiction, except as prescribed by this Constitution."

In State v. Ueland, 30 Minn. 277, 281, 15 N. W. 245, 246, Mr. Justice Mitchell, speaking for the court, said:

"It was clearly the intention of the constitution to give the probate courts *the entire and exclusive jurisdiction* over the estates of deceased persons and persons under guardianship, in the same manner and to the same extent that it gives to the district court jurisdiction over civil cases in law and equity arising out of other matters of contract or tort." (Italics supplied.)

And in Boltz v. Schutz, 61 Minn. 444, 446, 64 N. W. 48, 49, this court added:

"* * * When a particular probate court is invoked to exercise its jurisdiction in a particular case over a particular estate, and exercises that jurisdiction, it attaches for all purposes connected with that estate, and continues until the estate is administered upon and settled according to law."

Brandes v. Carpenter, 68 Minn. 388, 71 N. W. 402; Betcher v. Betcher, 83 Minn. 215, 86 N. W. 1; Appleby v. Watkins, 95 Minn. 455, 104 N. W. 301, 5 Ann. Cas. 471; State ex rel. Benz v. Probate Court, 133 Minn. 124, 158 N. W. 234; Fischer v. Hintz, 145 Minn. 161, 176 N. W. 177; First Trust & Sav. Bank v. U. S. F. & G. Co. 163 Minn. 168, 203 N. W. 612; In re Estate of Drew, 183 Minn. 374, 236 N. W. 701.

In In re Estate of Halweg, 207 Minn. 263, 290 N. W. 577, there was an appeal from the probate court to the district court. The probate court had no jurisdiction over the subject matter, while

the district court had such jurisdiction. This court said (207 Minn. 266, 290 N. W. 578):

"At the opening of the second trial in the district court, and not before, defendants moved to dismiss for want of jurisdiction. The theory was that inasmuch as the claim was based upon a trust relationship, rather than contract, the probate court had no jurisdiction and therefore the district court had none. That question we pass because, assuming that the probate court was without jurisdiction on the ground stated, the parties acquiesced in the trial there and also in the litigation of all issues on the first trial in the district court, which has jurisdiction generally to determine the obligations of trust relationship and to enforce them. We hold that the district court had jurisdiction.

"As to the district court, this is not a case of lack of capacity to exercise jurisdiction of subject matter. That jurisdiction is present if the tribunal might exercise it if the case came before it in a different manner."

In the instant case, the municipal court lacked jurisdiction of the subject matter.

After the making of a final decree, a distributee may maintain an action to recover his distributive share. He may do this in the municipal court, subject, of course, to the limitations of jurisdiction based on amount of recovery sought. In Schmidt v. Stark, 61 Minn. 91, 92, 63 N. W. 255, this court held:

"* * * The effect of a decree of distribution is to transfer the title to the personalty and the right of possession of the realty from the personal representative to the distributees, devisees, or heirs. The property then ceases to be the estate of the deceased person, and becomes the individual property of the distributees, with the full right of control and possession, and with the right of action for it against the personal representative if he does not deliver it to them. If such an action is necessary, resort must be had to some other forum, for the probate court has no further jurisdiction."

In Ganser v. Ganser, 83 Minn. 199, 201, 86 N. W. 18, 85 A. S. R. 461, the same rule is stated as follows:

"* * * Such distributee may at once, upon the making of the final decree, demand his distributive share, and, if it be not paid to him, maintain an action to recover it."

See, also, State ex rel. Matteson v. Probate Court, 84 Minn. 289, 87 N. W. 783, and In re Estate of Koffel, 175 Minn. 524, 222 N. W. 68.

If a distributee, after a final decree in an estate, may maintain an action against the personal representative to recover his distributive share, there seems no good reason why a ward, after an order has been entered by the probate court allowing the final account of a guardian, may not maintain such action in a district or municipal court against the guardian to recover the amount to which the probate court has found he is entitled if it be not paid. Hopkins v. Erskine, 118 Me. 276, 107 A. 829; Thorndike v. Hinckley, 155 Mass. 263, 29 N. E. 579; 39 C. J. S., Guardian and Ward, § 169, p. 298.

Judgment reversed.